AGNES V. BLAINE, Plaintiff, *v.* JANE CLARK, Defendant.

Municipal Court of the City of New York, Borough of Richmond, April 14, 1947.

*Philip J. Levine* for plaintiff.

*Stephen J. Ohalen* for defendant.

BAKER, J. This is an action for treble damages brought by plaintiff under subdivision (e) of section 205 of the Emergency Price Control Act of 1942, as amended (U. S. Code, tit. 50, Appendix, § 925, subd. [e]).

The relevant facts are as follows: On or about June 1, 1944, defendant let to plaintiff a one-family dwelling house at a

monthly rental of $80. The premises had not been rented theretofore, defendant owner having been continuously in possession from December 31, 1942, to the date of the letting to plaintiff.

Defendant failed to file the necessary registration statement with the Area Rent Office within the time limited by subdivision (e) of section 4 of the Rent Regulation for Housing in the New York City Defense-Rental Area of the Office of Price Administration (8 Federal Register 13916), and continued to collect rent at the rate of $80 per month until August 25, 1945, on which date the area rent director issued an order changing the maximum rent from $80 to $50 per month. The order was made retroactive to June 1, 1944, the date of the first rental, and contained the following statement: "Under the provisions of Section 4(e) of the New York City Rent Regulations, the failure of the landlord to refund to the tenant the amount of rent in excess of the maximum rent fixed by this order within 30 days after the date of issuance of this order will be deemed a violation subjecting the landlord to the penalties prescribed by Section 205(e) of the Emergency Price Control Act."

As of the first day of the month following receipt of the order, defendant reduced the rent to the sum of $50, the amount therein fixed as the maximum rent, but failed to refund to plaintiff, as directed by the order, the excess rents theretofore collected.

The order aforesaid was made retroactive by reason of the fact that defendant had failed to file the registration statement within thirty days as required by subdivision (e) of section 4 of the Regulation, which section provides as follows:

" (e) *First rent after November 1, 1943.* For (1) newly constructed housing accommodations without priority rating first rented on or after November 1, 1943, or (2) housing accommodations changed on or after November 1, 1943 so as to result in an increase or decrease of the number of dwelling units in such housing accommodations, or (3) housing accommodations not rented at any time between December 31, 1942, and November 1, 1943, or (4) housing accommodations changed on or after November 1, 1943 from unfurnished to fully furnished, the first rent for such accommodations after the change or on or after November 1, 1943, as the case may be. Within 30 days after so renting the landlord shall register the accommodations as provided in section 7. The Administrator may order a decrease in the maximum rent as provided in section 5(c).

" If the landlord fails to file a proper registration statement within the time specified, the rent received for any rental period

commencing on or after the date of the first renting or November 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which·may later be fixed by an order under section 5(c) (1). Such amount shall be refunded to the tenant within 30 days after the date of issuance of the order unless the refund is stayed in accordance with the provisions of § 1300.209 or 1300.217 of Revised Procedural Regulation No. 3."

Plaintiff now brings this action to recover the excess rents from June 1, 1944, to and including the month of August, 1945, fifteen months at $30 per month, resting upon the claim for the overcharge and reasonable counsel fees, and waiving any further claim.

Defendant contends: (1) that plaintiff has no cause of action since none is conferred, either expressly or by implication, by the language of subdivision (e) of section 4 of the Regulation; (2) that the retroactive provisions of the area rent director's order are arbitrary and unwarranted, and (3) that, in any event, plaintiff's claim, except as to the installments of rent paid within one year of the commencement of the action, is barred by lapse of time.

While it is true that no right of action based upon disobedience to an order or directive of the area rent director is conferred by the rent regulation, it is clear that such right is conferred by subdivision (e) of section 205 of the Emergency Price Control Act of 1942. That section provides, in part, as follows: " (e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. * * * For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word ' overcharge ' shall mean the amount by which the consideration exceeds the applicable maximum price."

It will be seen that the statute, by explicit language, renders actionable any violation of " a regulation, *order,* or price schedule prescribing a maximum price or maximum prices " (emphasis supplied), and an order duly issued by the rent director pursuant to the authority conferred by subdivision (e) of section 4

of the Regulation is unquestionably within its compass. Here there is no imprecision of expression, no ambiguity with which to contend. Both language and intent are clear. To construe the statute otherwise would be to invite circumvention and evasion of the regulations promulgated pursuant to the authority of the act, and to render them impotent to accomplish the stated aims of the Congress in its enactment.

There can be no question as to the right of the area rent director to make the retroactive order. Subdivision (g) of section 2 of the Act (U. S. Code, tit. 50, Appendix, § 902, subd. [g]) confers that right: "Regulations, orders and requirements under this Act may contain such provisions as the Administrator deems necessary to prevent the circumvention or evasion thereof." But the order is challenged upon the ground that it was arbitrary and unwarranted since defendant made reasonable efforts to comply with the requirements of the regulation as it relates to filing of registration statements. This court, however, has no jurisdiction to determine the reasonableness or propriety of the order; nor is this the proper forum in which to challenge its validity (*Bowles* v. *Willingham*, 321 U. S. 503).

Defendant contends further that, by express language of the statute, no recovery can be had for excess rent collected prior to one year before the commencement of the action, and that, at best, plaintiff may recover no more than the overcharges for the months of June, July, and August, 1945 (the action having been commenced in May, 1946). But the violation here was not the collection of rent during the months preceding the issuance of the retroactive order. There was no violation then. It occurred when defendant failed to make refund to plaintiff within thirty days after the issuance of the order as required by its terms, and it was then that plaintiff's cause of action accrued. Until that time, there was no right of action against which the period of limitation included in the statute could commence to run. The violation occurred when the order was disobeyed, and there was no "overcharge" except that which resulted by reason of defendant's nonobservance. Thus plaintiff's action was brought within one year from the date of the occurrence of the violation. No part of her claim is barred by lapse of time.

Judgment will be directed in favor of plaintiff for the sum of $450, that sum being the amount of the overcharge, together with the further sum of $50, which the court determines is a reasonable attorney's fee in the matter.