BARNS, PAUL D., Associate Judge.
The appellant-plaintiff, Bradford Builders, Inc., (hereinafter referred to as Bradford) entered into a contract with the appel-lee-defendant, the Phillips Petroleum Company (hereinafter referred to as Phillips) whereby Bradford was to build for Phillips a Hotel-Motel at a contract price of some $1,800,000. At a time when the balance due Bradford from Phillips was in excess of $103,000.00, Bradford brought *190 this action in equity against Phillips and Bradford’s subcontractors and others claiming liens against the property or against funds due Bradford, seeking the court’s determination of the rights and interest of the respective parties.
On August 10th, 1961, the Chancellor pursuant to the motion of Phillips entered an order which, among other things, provided:
“3. That Phillips Petroleum Company is hereby dismissed as a party to this suit upon it paying the aforesaid sum of money [$103,826.90] into the Registry of the Court as ordered above.”
Thereafter Bradford, on August 17, 1961, filed a motion to have the Court amend the foregoing order so as to require Phillips to pay interest on said sum in addition to the principal.
On July 17, 1962, the Court denied Bradford’s motion to amend the order after reciting the entry of the order of dismissal ■as to Phillips and noting that “the Court ■did not reserve any jurisdiction in said order of dismissal, the Court cannot, at this time compute interest, if any, owed by the defendant.” From this order Bradford prosecutes this appeal. We find the lower ■court had jurisdiction and for that reason reverse.
The Appellee Phillips has moved to dismiss this appeal because it was not filed within 60 days after the entry of the conditional order of dismissal on August 10th, 1961, hence this court is without jurisdiction because the motion to amend was made when the lower court was without jurisdiction to grant the motion to amend, and such motion did not extend, for purposes of appeal, the finality of the order of dismissal of August 10th, 1961. We find the motion to dismiss without merit.
The foregoing order of dismissal was not absolute when made; it was a conditional order of dismissal contingent on Phillips paying into court $103,826.90 at which time the order became an absolute order of dismissal: Appellant’s brief states that Phillips has paid the money but the date of payment is not given.
Rule 3.16, Florida Rules of Civil Procedure, 31 F.S.A., authorizes the serving of petitions for rehearing of final decrees “within 10 days after the recording of the decree.” The motion to amend the decree sought an amendment of the decree so as to require the payment of interest which falls within the scope of a petition for rehearing.
The motion to amend equates a petition for rehearing. It may have been filed before the dismissal became absolute but that is not material. It was filed within 10 days after the entry of the order, to wit August 17th, 1961, hence not later than 10 days after the dismissal became absolute ; “within” under these circumstances means “not later than.” Chatlos v. Overstreet, Fla., 124 So.2d 1. .A timely petition for rehearing after a final decree preserves the jurisdiction of court for the purpose of disposing of the petition on its merits, even if filed after announcement but before the decree is actually entered. Batteiger v. Batteiger, Fla.App., 109 So.2d 602.
This appeal was not taken from the order of dismissal but from the order denying the motion to amend it, which motion is treated as a petition for rehearing. It appears from the face of the order appealed that the lower court erroneously assumed that it was without jurisdiction to consider the merits of the motion to amend, when in fact it was not without jurisdiction. The appellant was entitled to be heard on the merits of the motion.
The motion to dismiss the appeal is denied, the order denying the motion to amend is annulled, and the Chancellor is directed to consider the motion on its merits.
KANNER, Acting C. J., and BARK-DULL, THOMAS H., Associate Judge, concur.