884 So.2d 398 (2004)
Tiffany N. SWANN, Appellant,
v.
Anne K. DINAN, Appellee.
No. 2D03-5686.
District Court of Appeal of Florida, Second District.
September 24, 2004.
*399 David G. Eaton of Eaton & Powell, Tampa, for Appellant.
Howard W. Weber of Law Offices of Howard W. Weber, Tampa, for Appellee.
FULMER, Judge.
Tiffany Swann appeals the amended final judgment awarding Anne K. Dinan $17,483.97 in attorney's fees and costs. Because Dinan did not file her motion for attorney's fees and costs within thirty days of the filing of the initial final judgment, we reverse.
On December 14, 2001, the jury in the underlying automobile negligence case returned a verdict finding that Dinan's admitted negligence was not the legal cause of loss, injury or damage to Swann. On December 20, 2001, Dinan filed a motion to tax attorney's fees and costs pursuant to a previously served proposal for settlement. After denial of Swann's posttrial motions but before entry of a final judgment, a notice of appeal was filed. During the pendency of the appeal, this court relinquished jurisdiction to allow Swann to obtain a final judgment. On November 25, 2002, the trial court entered a final judgment in favor of Dinan and reserved jurisdiction to consider the award of attorney's fees and costs. On December 27, 2002, this court affirmed the trial court's final judgment and orders denying Swann's posttrial motions.
On October 27, 2003, the trial court conducted a hearing on Dinan's motion for fees which had been filed on December 20, 2001. Swann objected because the motion was not filed within thirty days after the November 25, 2002, final judgment was filed as required by Florida Rule of Civil Procedure 1.525.[1] The trial court concluded that Dinan's motion was timely because it was filed within thirty days of the verdict.
In Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003), this court held that rule 1.525 was created to establish a bright-line rule governing the timeliness of posttrial motions for costs and attorney's fees. The rule requires a party seeking fees and costs to "serve a motion within 30 days after the filing of the judgment." Fla. R. Civ. P. 1.525. Although Swann was aware of Dinan's claim for fees and its legal basis and, therefore, can claim no prejudice, we once again conclude that as unpleasant as it is to strictly enforce rule 1.525, it must be enforced if it is to remain the "bright-line" rule as intended by the Florida Rules of Civil Procedure Committee and adopted by the supreme court. See Amendments to Florida Rules of Civil Procedure, 773 So.2d 1098 (Fla.2000); see also Fla. R. Civ. P. 1.525 committee notes (2000 adoption). Because Dinan filed no motion for fees within thirty days after the filing of the judgment, we reverse.
Reversed.
ALTENBERND, C.J., and STRINGER, J., Concur.
NOTES
[1] Florida Rule of Civil Procedure 1.525 states: Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.