910 So.2d 366 (2005)
Menachem HERSKOVITZ, Appellant,
v.
Cynthia HERSHKOVICH, et al., Appellee.
No. 5D04-2959.
District Court of Appeal of Florida, Fifth District.
September 16, 2005.
Jack R. Reiter and Joelle C. Sharman of Adorno & Yoss, LLP, Miami, for Appellant.
John E. Lawlor, III, of Fisher, Tousey, Leas & Ball, Jacksonville, for Appellee.
PALMER, J.
Menachem Herskovitz (Menachem) appeals the trial court's final order admitting the second codicil of his brother Issac's will into probate. Concluding that Menachem *367 failed to properly preserve the claim of error raised in this appeal, we affirm.
Following his death, Issac Herskovitz's wife, Cynthia, filed a petition for administration of his estate. Cynthia attached to her petition a copy of Issac's will, as well as a first codicil and a second codicil. In response to this filing, Menachem filed a challenge to the admission of the second codicil. The trial court conducted an evidentiary hearing on the matter.
During the hearing, it was established that Issac initially executed a will leaving all the stock in his company to his wife, Cynthia, and the remainder of his estate to his minor children. Issac subsequently changed his mind regarding disposition of his estate and executed a first codicil leaving the ownership interest in his businesses to his brother, Menachem. Thereafter, Issac changed his mind again and dictated a second codicil to Cynthia, who typed the codicil and sent it via e-mail to Issac for execution. The second codicil left all of Issac's assets to Cynthia. Issac printed the e-mail and had two of his employees serve as witnesses to his execution of same.
On these facts, the trial court found that the second codicil was properly executed and constituted a valid codicil to Issac's will and, accordingly, admitted it to probate. Menachem appeals this ruling.
Menachem challenges the trial court's ruling, arguing that the e-mailed second codicil was not properly attested to as required by section 732.502 of the Florida Statutes.[1] More specifically, Menachem argues that Issac's two employees who witnessed his signature did not know the document was Issac's will. In response, Cynthia argues that reversal is not warranted because Menachem failed to properly raise this issue below. We agree.
As a general rule, reviewing courts will not consider claims of error which are raised for the first time on appeal because it is the function of the appellate court to review errors allegedly committed by the trial court, not to entertain for the first time on appeal issues which the complaining party could have and should have, but did not, present to the trial court. Hernandez v. Kissimmee Police Dep't., 901 So.2d 420 (Fla. 5th DCA 2005). Absent jurisdictional or fundamental error, an appellate court should not consider issues that were not presented to the trial court. Florida Emergency Physicians-Kang & Assoc., M.D., P.A. v. Parker, 800 So.2d 631 (Fla. 5th DCA 2001).
Here, there is no indication that Menachem ever raised before the trial court his argument that, under Florida law, attesting witnesses must know the testamentary nature of the instrument they are signing. Menachem claims that he did properly preserve this issue below since he made an argument in his memorandum opposing Cynthia's motion for summary judgment that the e-mail was invalid because, inter *368 alia, the witnesses did not know the testamentary nature of the document they were asked to sign. However, a review of said memorandum reveals that the only statements that were made in the motion which remotely resemble the argument that Menachem now makes on appeal were as follows:

Factual Issues Regarding Execution
If the motion for summary judgment is not denied on the ground that the Second Codicil is a joint and reciprocal will that was not properly executed by both testators, the motion should nevertheless be denied because there are a number of issues of fact relating to the execution of the various testamentary documents involved in this case.
First, there is a question of fact as to whether the witnesses to the Second Codicil can authenticate the document. The document bears the signatures of Tracy Muskey and Wendy Hipple. Muskey, in her deposition, testified that she was asked to witness a document, but that Mr. Hershkovich [Issac] covered up the text of the document the entire time that she and Wendy Hipple were there (Muskey dep. p.p. 16-17, 21, 29). She cannot identify the document which she signed as a witness or, independent of the document, recall the date that it was signed (Muskey dep. pp. 28, 29, 33). In addition, the testimony of Hipple and Muskey creates issues of material fact. For example, they disagree as to the time of day the Second Codicil was executed [Hipple testified that it occurred in the afternoon (Hipple dep., p. 17); Muskey testified that it occurred in the morning (Muskey dep., pp. 21-22)]. Also, Muskey testified that the Hersh Companies had a practice of celebrating birthdays with a birthday lunch, but she does not have an independent recollection of a birthday lunch party on November 25, 2002, which was the decedent's birthday and the date the Second Codicil was allegedly executed (Muskey dep., p. 14).
In this memorandum, Menachem contended questions of fact existed as to whether the witnesses could authenticate the documents. Subsequently, the trial court denied Cynthia's motion for summary judgment. Once the summary judgment was denied, it was incumbent upon Menachem to present whatever arguments and documents he believed relevant to determining those questions of fact to the trial court at the evidentiary hearing. By failing to do so, he waived this issue for appellate review.
AFFIRMED.
THOMPSON, J., and NELSON, D., Associate Judge., concur.
NOTES
[1] Section 732.502 of the Florida Statutes provides in relevant part:

732.502 Execution of wills
Every will must be in writing and executed as follows:
* * * * * *
[1](b) Witnesses.  The testator's:
1. Signing, or
2. Acknowledgment:
a. That he or she has previously signed the will, or
b. That another person has subscribed the testator's name to it, must be in the presence of at least two attesting witnesses.
c. Witnesses' signatures.  the attesting witnesses must sign the will in the presence of the testator and in the presence of each other.
* * * * * *
(5) A codicil shall be executed with the same formalities as a will.
§ 732.502(1)(b) & (5), Fla. Stat. (2003).