924 So.2d 885 (2006)
Debbie SWIFT and Troy Ferencak, Appellants,
v.
Reginald G. WILCOX and Rosanne L. Wilcox, Appellees.
No. 4D05-1969.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*886 John M. Jorgensen and S. Brian Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellants.
Manuel Farach of Rutherford Mulhall, P.A., West Palm Beach, for appellees.
GROSS, J.
The issue in this case is whether a motion for attorney's fees complies with Florida Rule of Civil Procedure 1.525 if it is served before the entry of a final judgment. We hold that such a motion complies with the rule and affirm the circuit court's award of attorney's fees.
Debbie Swift and Troy Ferencak sued Reginald and Rosanne Wilcox for specific performance and breach of a real estate contract. The contract contained a provision awarding attorney's fees to the prevailing party in litigation arising out of the contract.
On February 9, 2004, the trial court granted the Wilcoxes' motion for summary judgment on the plaintiffs' claims. The order provided that Swift and Ferencak "shall recover nothing by way of their claim against" the Wilcoxes, "who shall go hence without day." This order reserved jurisdiction to award court costs and attorney's fees.
Within 30 days of the February 9 order, the Wilcoxes filed a motion for attorney's fees under the prevailing party clause of the contract. Swift and Ferencak filed a notice of appeal directed at the February 9th order. A different panel of this court dismissed the appeal, ruling that the February 9 order was not an appealable final judgment, because a related counterclaim remained pending in the trial court.
The circuit court entered a final summary judgment on June 17, 2004.[1]
After the filing of the June 17 judgment, the Wilcoxes did not file a renewed motion for attorney's fees.
At an August, 2004, hearing on the motion for attorney's fees, Ferencak and Swift argued that because the February 9th order was not a final one, the Wilcoxes' motion for attorney's fees was premature under Florida Rule of Civil Procedure 1.525.
The trial judge concluded that the Wilcoxes were entitled to an award of attorney's fees, even though they did not file a rule 1.525 motion after the filing of the June 17 judgment. The court concluded that Swift and Ferencak "had notice" of the claim for attorney's fees and "by their conduct recognized or acquiesced to that claim." The trial court based its conclusion on these facts, set forth in its order:
1. The original Answer included a claim for fees.
2. Both the original and the amended counterclaim included claims for fees.
3. Both the original and renewed motions for summary judgment included fee claims under the Contract.
4. The Court ordered early mediation in an attempt to limit fees, based on counsels' representation that fees were due under the contract.
5. Both of [the Wilcoxes'] Motions to Increase Lis Pendens Bond were based, *887 in part, on their increased attorney's fees.
6. The Court considered the amount of [the Wilcoxes'] fees in setting lis pendens bond amount.
7. Plaintiffs' counsel originally acknowledged [the Wilcoxes'] entitlement to fees under the Contract.
8. The draft pre-trial stipulation prepared by Plaintiffs' counsel included the fee claim.
Rule 1.525 provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment." Fla. R. Civ. P. 1.525. The plain language of the rule was drafted "to create predictability and consistency in post judgment requests for attorney's fees." Lyn v. Lyn, 884 So.2d 181, 183 (Fla. 2d DCA 2004). Prior to the enactment of rule 1.525, courts generally held that a party could file a motion for fees and costs within a reasonable time after a final judgment was entered. See Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991); see also Carter v. Lake County, 840 So.2d 1153, 1156 (Fla. 5th DCA 2003).
In essence, appellants' position in this case is that rule 1.525 creates a narrow window that opens only "upon the formality of the filing of the judgment and closes 30 days later." Norris v. Treadwell, 907 So.2d 1217, 1218 (Fla. 1st DCA 2005), review granted, 919 So.2d 435 (Fla.2006). However, the rule does not specify the earliest time when a motion for costs and attorney's fees may be filed. We agree with the first district in Norris, that the "primary evil to be addressed by the supreme court's adoption of Rule 1.525 was the uncertainty created by excessive tardiness in the filing of motions for fees and costs." Id. Like Norris, we hold that Rule 1.525 "establishes the latest point at which a prevailing party may serve a motion for fees and costs." Id.
This interpretation is consistent with the language of the rule, which provides that the motion must be served "within 30 days after filing of the judgment." Fla. R. Civ. P. 1.525 (Italics supplied). "When used relative to time," the preposition "within" has been defined as meaning "any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than." BLACK'S LAW DICTIONARY 1437 (5th ed.1979).[2]
We certify conflict with Swann v. Dinan, 884 So.2d 398 (Fla. 2d DCA 2004).
Affirmed.
STONE and MAY, JJ., concur.
NOTES
[1] Swift and Ferencak appealed this judgment, which this court per curiam affirmed on April 27, 2005. See Swift v. Wilcox, 903 So.2d 204 (Fla. 4th DCA 2005).
[2] We note that the recent amendment to Rule 1.525 substitutes the phrase not later than for "within," so that the rule now requires that a motion be served "no later than 30 days after filing of the judgment." In Re Amendments to The Florida Rules of Civil Procedure, 917 So.2d 176 (Fla.2005).