927 So.2d 66 (2006)
Monica BYRNE-HENRY, Appellant,
v.
The HERTZ CORPORATION and Stella Chin, Appellees.
No. 3D04-2774.
District Court of Appeal of Florida, Third District.
April 5, 2006.
*67 Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; Nelson & Freedlander, for appellant.
Wagenfeld Levine and Edward S. Polk, Miami, for appellees.
Before SHEPHERD, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, Judge.
Monica Byrne-Henry appeals the trial court's order granting entitlement to taxable costs to Hertz Corporation ("Hertz") and Stella Chin. We affirm as the motion for taxable costs was served timely pursuant to Florida Rule of Civil Procedure 1.525.
This matter arises out of an action filed by Monica Byrne-Henry against Hertz and Stella Chin. The case was called to trial on January 21, 2004. Monica Byrne-Henry's request for a continuance was denied. She then announced the taking of a voluntary dismissal. Thereafter, on numerous occasions, attorneys for Hertz attempted to contact the attorneys for Monica Byrne-Henry to request the filing of the notice of voluntary dismissal. On February 23, 2004, Hertz served its motion to tax costs. Two days later, on February 25, 2004, Monica Byrne-Henry served her notice of voluntary dismissal without prejudice. On April 2, 2004, Hertz filed affidavits in support of its motion for taxable costs. The hearing on costs was reset a number of times and canceled. Prior to the July, 2004 hearing, Monica Byrne-Henry filed her Motion to Determine Defendant's Entitlement to Taxable Costs claiming Hertz's motion for costs was not served timely and, therefore, Hertz was barred from claiming taxable costs. She argued at the hearing that Florida Rule of Civil Procedure 1.525 requires Hertz to serve its motion only after the actual service of the notice of voluntary dismissal and prior to the running of thirty days after such service. As Hertz served its motion after the oral notice of voluntary dismissal, but before the service of the written notice, and had not re-served within thirty days after Monica Byrne-Henry's service of her notice of voluntary dismissal, Hertz had not timely served and was, therefore, barred from claiming costs. The trial court denied the motion and issued an order stating that Hertz had timely served and was entitled to costs.
Florida Rule of Civil Procedure 1.525 states as follows:
Rule 1.525. Motions for Costs and Attorneys' Fees
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within thirty days after filing of the judgment, including a judgment of *68 dismissal, or the service of a notice of voluntary dismissal.
Monica Byrne-Henry claims Rule 1.525 entitles a party to costs only if the party serves his motion after the service of the written notice of voluntary dismissal and before thirty days after such service. Only if the motion for costs is served within that time frame may a party be entitled, under the rule, to costs. Hertz argues the rule should not be so narrowly interpreted and that the intent of the rule was met when Hertz served its motion to tax costs after the oral announcement in court of a voluntary dismissal, but two days prior to the actual service of the notice of voluntary dismissal.
The Florida Supreme Court adopted Rule 1.525 in 2000, to establish "the time for serving motions for attorneys' fees and costs." Amendments to the Fla. Rules of Civil Procedure, 773 So.2d 1098, 1098 (Fla.2000). The rule, requiring a thirty-day time limitation for the service of a motion, was promulgated to end the confusion concerning the prior requirement that motions for fees and costs had to be served within a "reasonable time" after final judgment. See Shipley v. Belleair Group, Inc., 759 So.2d 28 (Fla. 2d DCA 2000) (stating that the uncertainty created by case law concerning reasonable time suggests that a rule of procedure concerning such motions might be appropriate).
Hertz's motion to tax costs was served after the announcement in court of a voluntary dismissal, two days prior to the actual service of the notice of voluntary dismissal, and prior to thirty days after service of the notice of voluntary dismissal. As such, we feel the intent of the rule was met. In Angrand v. Fox, 552 So.2d 1113 (Fla. 3d DCA 1989), we rejected the same type of argument made here by Monica Byrne-Henry and reversed a trial court when it dismissed a medical malpractice complaint which was filed prior to expiration of the ninety-day screening and investigation period provided by section 768.57(3)(a), Florida Statutes (1987). The intent of the statute had been met. We agree with the First District's decision on this issue. See Norris v. Treadwell, 907 So.2d 1217 (Fla. 1st DCA 2005)(although the rule makes a "bright line test," the thirty-day requirement is the latest in which a motion for attorney's fees and costs may be served and the party seeking fees may serve the motion immediately after the party becomes entitled to seek such fees), review granted, 919 So.2d 435 (Fla.2006); accord Swift v. Wilcox, 924 So.2d 885, 2006 WL 544510 (Fla. 4th DCA Case no. 4D05-1969, opinion filed, March 8, 2006). In this action, Hertz was entitled to seek costs upon the oral announcement of a voluntary dismissal. The motion was served shortly thereafter and certainly prior to the running of the thirty days. Therefore, the intent of the rule was met. We certify direct conflict with Swann v. Dinan, 884 So.2d 398 (Fla. 2d DCA 2004).
Affirmed, direct conflict certified.