941 So.2d 1220 (2006)
MARTIN DAYTONA CORPORATION, etc., Appellant,
v.
STRICKLAND CONSTRUCTION SERVICES, etc., et al., Appellees.
No. 5D05-2432.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
*1221 John H. Dannecker and Jennifer P. Sommerville of Shutts & Bowen LLP, Orlando, for Appellant.
Rosemary Hanna Hayes and Tina L. Caraballo of Hayes & Caraballo, PL, Orlando, for Appellees.
SAWAYA, J.
This case presents the issue whether rule 1.525, Florida Rules of Civil Procedure, which requires that motions for attorneys' fees and costs be served "within 30 days after filing of the judgment," applies to motions filed in the circuit court based on awards emanating from arbitration *1222 proceedings and, if so, whether a motion served before entry of the judgment is timely under the rule. We believe that the rule is applicable in this instance and that a motion served prior to entry of the judgment is timely.[1] The facts and procedural background are important to our analysis, so we will begin our discussion there.

Facts and Procedural Background
Martin Daytona Corporation (Martin) filed suit against Strickland Construction Services (Strickland) in circuit court seeking to recover an unpaid debt pursuant to a contract that had been entered into between the parties. The contract contained an arbitration clause, which provided that the prevailing party shall be entitled to recover reasonable attorneys' fees.[2] On January 4, 2005, the arbitration award was issued in favor of Martin, which was declared to be the prevailing party. On January 6, 2005, Martin moved to confirm the arbitration award in the circuit court pursuant to section 682.12, Florida Statutes (2005), and sought entry of a final judgment with a reservation of jurisdiction to award attorneys' fees and costs. Simultaneously, Martin filed and served its motion to tax attorneys' fees and costs based on its prevailing party status. The order confirming the arbitration award was entered by the circuit court on April 18, 2005, and a few days later, the final judgment reserving jurisdiction to determine the amount of fees and costs was entered.
Strickland filed an objection to the motion for fees and costs, arguing that it had been prematurely filed before the final judgment had been entered in violation of the time requirements of rule 1.525. Martin responded that rule 1.525 does not apply to arbitration proceedings and that its motion was timely. The circuit court found that the motion for attorneys' fees and costs was premature, that rule 1.525 applied, and that Martin's failure to comply with the time requirement of this rule was the result of attorney error, not excusable neglect.[3] Therefore, it denied the *1223 motions for attorneys' fees and costs. Martin appeals. Because the parties do not agree on the proper standard of review we must apply to resolve the issue before us, we will make that determination before proceeding further.

Standard of Review
The parties do agree on the facts regarding when the motion for fees and costs was filed and served in relation to rendition of the judgment. Therefore, we must interpret the provisions of rule 1.525 to determine whether the rule applies and whether the motion for fees and costs was timely served. This is a legal issue that requires application of the de novo standard of review. See Gosselin v. Gosselin, 869 So.2d 667, 668 (Fla. 4th DCA 2004) ("Because the trial court's determination that the Wife's amended motion for attorney's fees was barred by Florida Rule of Civil Procedure 1.525 is a legal determination, we review it de novo.") (citing Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000)).
Applicability of Rule 1.525 to Motions for Fees and Costs Based on Awards Emanating from Arbitration Proceedings
In order to determine whether rule 1.525 applies to the instant case, we must analyze how attorneys' fees and costs are awarded in arbitration proceedings. Unless the parties specifically agree that the arbitrator will decide the issues of entitlement to, and amount of, attorneys' fees, those issues must be decided by the circuit court.[4] Here, the parties agreed that the arbitrator would decide who the prevailing party was.[5] Therefore, the arbitrator decided Martin's entitlement to fees by finding Martin to be the prevailing party, but properly declined to award the amount of fees because the parties did not agree that the arbitrator would make that determination. Hence, the issue for the circuit court to decide was the amount of fees and costs Martin was entitled to recover.
*1224 If the court must decide either entitlement to or the amount of fees, or both, typically a motion to confirm the award and a motion to tax fees and costs are served, often at the same time.[6] This is what Martin did. These motions place the issue of fees and costs before the court for determination at the same time confirmation is decided. The court conducts a judicial proceeding to resolve the issues raised in the motions, and we believe that rule 1.525 is applicable to provide time limitations for serving the motion for fees and costs. We are not alone in adopting this view; recent case law from another district court has applied rule 1.525 to a motion for fees and costs based on an award emanating from arbitration proceedings. See Certified Marine Expeditions v. Freeport Shipbuilding, Inc., 914 So.2d 983 (Fla. 1st DCA 2005).
Martin's argument that rule 1.525 does not apply to arbitration proceedings is premised on rule 1.010, Florida Rules of Civil Procedure, which provides that the civil procedure rules "apply to all actions of a civil nature." Martin contends that pursuant to Miele v. Prudential-Bache Securities, Inc., 656 So.2d 470 (Fla.1995), the term "actions of a civil nature" does not include arbitration proceedings. The court in Miele considered the issue whether section 768.73, Florida Statutes (1991), which addressed limitations on punitive damage awards, applied to arbitration proceedings. That statute provided, in pertinent part, that it applied to "any civil action" that fell within certain categories of tort actions. § 768.73, Fla. Stat. (1991). The court held that the term "civil action," as used in the statute, did not include arbitration proceedings. Miele, 656 So.2d at 472. Hence, Martin argues that the term "actions of a civil nature" in rule 1.010 does not include arbitration proceedings and, therefore, rule 1.525 does not apply.
Subsequent to the decision in Miele, the Legislature enacted section 768.737 Florida Statutes (1999), which provides that sections 768.72, 768.725, and 768.73 do apply when punitive damages are available as a remedy in arbitration proceedings. "It is an accepted rule of statutory construction that the legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute." Ford v. Wainwright, 451 So.2d 471, 475 (Fla.1984). Generally, courts are permitted to consider subsequently enacted legislation in determining the meaning of a statute.[7] It is *1225 clear that the Legislature's enactment of section 768.737 indicates that the Legislature has a different view from that adopted by the court in Miele regarding the issue whether arbitration proceedings are "civil actions" within the meaning of section 768.73. We believe that enactment of section 768.737, in light of the decision in Miele, militates in favor of the view that the term "actions of a civil nature" in rule 1.010 includes motions for fees and costs filed in the circuit court that are based on awards emanating from arbitration proceedings.
Having determined that rule 1.525 applies, we must next decide whether serving the motion for fees prior to entry of the judgment violated the time limitations of the rule. We believe that service was timely, and we will explain why.
Serving the Motion for Fees and Costs Prior to Entry of the Final Judgment does Comply with the Time Requirements of Rule 1.525
Rule 1.525 establishes a deadline for parties to serve motions for attorneys' fees and costs after a judgment has been entered. At the outset we note, parenthetically, that although many cases discuss the requirements of the rule in terms of filing the motion, the rule specifically requires timely service of the motion. See Certified Marine Expeditions. Here, there is no doubt that the motion was filed and served prior to entry of the judgment.
Rule 1.525 was adopted by the Florida Supreme Court and became effective on January 1, 2001. Amendments to the Fla. Rules of Civil Procedure, 773 So.2d 1098 (Fla.2000). Prior to that time, the courts generally required that any such motion be filed and served within a reasonable time after the judgment is entered. See Carter v. Lake County, 840 So.2d 1153, 1156 (Fla. 5th DCA 2003). However, the reasonable time rule was vague and produced inconsistent results in similar cases. As a result, the court adopted rule 1.525 "to eliminate the reasonable time rule and establish a time requirement to serve motions for costs and attorney's fees." Id.
The initial version of rule 1.525 required the motion to be served within 30 days of the filing of the judgment. Yet, requiring the motion to be served within 30 days still caused confusion because it was difficult to discern whether the language constituted a deadline or a narrow window of opportunity. Cases decided by the First, Third, and Fourth District Courts construing the initial version of rule 1.525 held that the rule set an outside deadline for serving a motion for attorneys' fees and costs and that motions served prior to entry of the judgment were timely. See Byrne-Henry v. Hertz Corp., 927 So.2d 66, 68 (Fla. 3d DCA 2006); Swift v. Wilcox, 924 So.2d 885, 887 (Fla. 4th DCA 2006) ("[W]e hold that Rule 1.525 `establishes the latest point at which a prevailing party may serve a motion for fees and costs.'") (quoting Norris v. Treadwell, 907 So.2d 1217, 1218 (Fla. 1st DCA 2005), review dismissed, 934 So.2d 1207 (Fla.2006)).
The Second District Court, on the other hand, has held that the initial version of the rule established a window of opportunity between the rendering of the judgment and thirty days thereafter to serve a motion for fees and costs. See Swann v. Dinan, 884 So.2d 398 (Fla. 2d DCA 2004). We believe that the First, Third, and Fourth District Courts have correctly decided the issue and, as they did, we hold that motions served prior to, or within thirty days after, rendition of the final judgment are timely under the rule.
*1226 We note that in order to alleviate the confusion, rule 1.525 was amended effective January 1, 2006, to provide that the motion should be served no later than 30 days after the judgment. In re Amendments to the Fla. Rules of Civil Procedure, 917 So.2d 176, 187 (Fla.2005). We believe that the amendment to the rule clearly establishes a deadline beyond which motions for fees and costs are deemed untimely. Although we believe that this was the intended meaning of the version of the rule prior to its amendment, now there should be no doubt.

Conclusion
We conclude that the provisions of rule 1.525 apply to motions for attorneys' fees filed in the circuit court based on awards emanating from arbitration proceedings when the parties did not agree to have the issue of fees and costs resolved by the arbitrators. Here, the issue of the amount of fees was placed before the circuit court for resolution, and it was entirely proper for Martin to file and serve its motion with the court prior to entry of the judgment. Thus, the motion was not premature, and the circuit court erred in denying Martin's motion for attorneys' fees on this basis. We reverse the order denying fees and remand this case to the circuit court to determine the amount to be awarded Martin as the prevailing party.
REVERSED and REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] Martin argues that it did not have to timely file the motion to tax fees and costs because the final judgment specifically reserved jurisdiction over those issues. Strickland claims this argument has not been preserved because it was not presented to the circuit court. A review of the record reveals that Strickland's claim is accurate; the argument was not presented to the circuit court and thus has not been preserved for appellate review. Herskovitz v. Hershkovich, 910 So.2d 366 (Fla. 5th DCA 2005); Wilson v. State, 675 So.2d 613 (Fla. 2d DCA 1996), review denied, 717 So.2d 542 (Fla.1988). Nevertheless, the court in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), held that reservation of jurisdiction to award attorneys' fees and costs does not affect or alter the timeliness requirement found in rule 1.525 to file the attendant motion.
[2] The arbitration clause provided:

Notwithstanding governing provisions of the General Contract, all claims, disputes and other matters in question between the Contractor and Subcontractor arising out of, or relating to, this Subcontract or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise. The parties agree that the locale for such arbitration shall be in Orange County, Florida. The prevailing party in any arbitration or litigation shall be entitled to recover reasonable attorneys' fee for the services of its attorney both at trial and appeal, if any. A prevailing party is the party who wins; unless the award is not at least 25% greater than prior written offer to settle made prior to commencement of the arbitration proceeding, in which case the rejected offer shall be deemed to have prevailed.
[3] Martin contends that the trial court erred in rejecting its argument based on excusable neglect. This issue is rendered moot by virtue of our resolution of the issue regarding the applicability and meaning of the provisions of rule 1.525.
[4] See § 682.11, Fla. Stat. (2005) ("Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.") (emphasis added); Turnberry Assocs. v. Serv. Station Aid, Inc., 651 So.2d 1173 (Fla.1995) (holding section 682.11, Florida Statutes, prohibits arbitrators from including attorneys' fees in an award of expenses and fees incurred during arbitration proceedings, unless parties expressly waive the right to the trial court's determination of entitlement to and amount of fees); A-1 Duran Roofing, Inc. v. Select Contracting, Inc., 865 So.2d 601, 604 (Fla. 4th DCA 2004) ("Neither entitlement to attorney's fees, nor amount, are issues that the arbitrator may decide without the agreement of the parties."); Josephthal Lyon & Ross, Inc. v. Durham, 734 So.2d 487, 489 n. 2 (Fla. 5th DCA 1999); Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1020 (Fla. 4th DCA 1999) ("[I]t is well settled that an arbitrator has no authority to award attorney's fees absent an express waiver of the limitation contained in section 682.11, Florida Statutes."); Dean Witter Reynolds, Inc. v. Wood, 676 So.2d 464 (Fla. 5th DCA 1996).
[5] We reject Strickland's assertion that the arbitrator did not have the authority to determine who the prevailing party was for purposes of entitlement to attorney's fees. We have carefully reviewed the transcript of the arbitration hearing and we conclude that the parties did agree that the arbitrator would decide that issue and that the circuit court would determine the amount of fees to be awarded. We also think it noteworthy that Strickland filed a post-hearing motion arguing that it should be deemed the prevailing party and submitted a proposed order to the arbitrator declaring it to be the prevailing party. Moreover, Strickland did not move to vacate the award pursuant to section 682.13(1)(c), Florida Statutes (2005), or move to modify or correct the award pursuant to section 682.14, Florida Statutes (2005).
[6] See Rock v. Prairie Bldg. Solutions, Inc., 854 So.2d 722, 724 (Fla. 2d DCA 2003) ("Thereafter, the Rocks moved to confirm the arbitration award and to determine attorney's fees and costs."); Josephthal Lyon & Ross, Inc., 734 So.2d at 488 ("Durham thereafter applied to the circuit court for confirmation of the award and determination of a reasonable attorney's fee."); Zac Smith & Co., Inc. v. Moonspinner Condo. Ass'n, Inc., 534 So.2d 739, 741 (Fla. 1st DCA 1988) ("[A]ppellee moved the trial court to confirm the arbitration award and to assess attorney fees and costs against appellants."); see also Moser v. Barron Chase Sec., Inc., 783 So.2d 231, 232 (Fla.2001) ("Moser[] petition[ed] to correct and confirm the arbitration award and . . . petition[ed] for an award of attorney's fees. . . . ").
[7] See G.E.L. Corp. v. Dep't of Env't Prot., 875 So.2d 1257, 1262 n. 2 (Fla. 5th DCA 2004) (citing State, ex rel. Szabo Food Servs., Inc. of NC v. Dickinson, 286 So.2d 529 (Fla.1973); Gay v. Canada Dry Bottling Co., Inc. of Fla., 59 So.2d 788, 790 (Fla.1952); K.H. v. State, 821 So.2d 1202 (Fla. 5th DCA 2002); Equity Corp. Holdings, Inc. v. Department of Banking & Fin., Div. of Fin., 772 So.2d 588, 590 n. 7 (Fla. 1st DCA 2000) ("Courts are permitted to consider subsequent legislation as evidence of the legislature's intent in construing a statute."); Gamble v. State, 723 So.2d 905, 907 (Fla. 5th DCA 1999) ("[O]ur courts have a duty to consider subsequent legislation in arriving at a correct interpretation of a prior statute."); State, Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering v. WJA Realty Ltd. P'ship, 679 So.2d 302 (Fla. 3d DCA 1996)).