975 So.2d 1116 (2008)
Paul J. BARCO, Petitioner,
v.
SCHOOL BOARD OF PINELLAS COUNTY, Respondent.
No. SC07-261.
Supreme Court of Florida.
February 7, 2008.
*1117 Samuel R. Mandelbaum of Mandelbaum, Fitzsimmons, Hewitt, and Metzger, P.A., Tampa, FL, for Petitioner.
Matthew C. Lucas and Brian A. Bolves of Bricklemyer, Smolker, and Bolves, P.A., Tampa, FL, for Respondent.
PARIENTE, J.
Paul Barco seeks review of the decision of the Second District Court of Appeal in Barco v. School Board of Pinellas County, 946 So.2d 1244 (Fla. 2d DCA 2007), in which the court certified conflict with the decisions of the other district courts of appeal in Martin Daytona Corp. v. Strickland Construction Services, 941 So.2d 1220 (Fla. 5th DCA 2006), Byrne-Henry v. Hertz Corp., 927 So.2d 66 (Fla. 3d DCA), review dismissed, 945 So.2d 1289 (Fla. 2006), Swift v. Wilcox, 924 So.2d 885 (Fla. 4th DCA 2006), review denied, 949 So.2d 199 (Fla.2007), and Norris v. Treadwell, 907 So.2d 1217 (Fla. 1st DCA 2005), review dismissed, 934 So.2d 1207 (Fla.2006). The conflict issue involves the proper interpretation of the time deadlines governing the service of motions for costs and attorneys' fees pursuant to Florida Rule of Civil Procedure *1118 1.525 as it existed in 2004.[1] All of the district courts of appeal, except the Second District, have construed the rule as setting an outside deadline in which the motion for costs or fees is untimely only if served more than thirty days after the filing of the judgment. The Second District, however, has held that the rule creates a narrow window for serving the motion that begins only after the filing of the judgment and closes thirty days later. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons discussed, we conclude that the rule sets only an outside deadline and accordingly quash the decision of the Second District.

BACKGROUND
Barco owned real property that was the subject of an eminent domain proceeding instituted by the School Board of Pinellas County ("School Board") pursuant to chapters 73 and 74, Florida Statutes. The property was needed for expansion of an elementary school. The issue of compensation for the property taken was resolved through mediation, with the agreement that the court would retain jurisdiction to resolve attorneys' fees and costs, although no final judgment was entered at that time. Disputes arose between the parties that resulted in Barco serving a "Motion to Enforce Settlement, with Request for Interest, Attorneys Fees & Costs." As its name indicates, in addition to seeking an order enforcing the settlement, the motion also set forth the attorney's fees and costs to which Barco asserted he was entitled.
At the hearing on Barco's motion to enforce settlement, the trial court ruled that the School Board should pay the agreed sums, including statutory attorneys' fees, and that the court would reserve jurisdiction on any contested costs and on the question of interest, which the School Board also contested. The trial court then entered a final judgment which required the School Board to pay both the compensation that had been agreed to in the Mediated Settlement Agreement and statutory attorneys' fees.[2] The judgment reserved jurisdiction to determine any and all issues regarding reasonable costs, interest and any additional attorneys' fees.
More than three months after the filing of the judgment, Barco filed and served a Motion to Tax Costs in the amount of $12,411.21 relating to costs of real estate appraisers, court reporters, plats, maps, express delivery, and document services. These were the same costs sought in the earlier motion, with the addition of a court reporting bill related to the motion to enforce the mediated settlement agreement. A hearing was held on the Motion to Tax Costs at which the School Board objected to the award of any costs on the ground that the motion to tax costs was served more than thirty days after the judgment. Barco countered with the explanation that his first motion for costs had been included *1119 in the Motion to Enforce Settlement, which was served November 9, 2004  twenty-three days prior to entry of the final judgment on December 2, 2004. The School Board then contended that the early motion was not timely under Florida Rule of Civil Procedure 1.525. The trial court agreed with the School Board and followed Second District precedent holding that rule 1.525 creates a bright-line requirement that, to be timely, the motion for fees and costs must be served within the thirty-day window after a judgment, not preceding it. Barco appealed to the Second District, resulting in the decision now before the Court, in which the district court adhered to its precedent in Swann v. Dinan, 884 So.2d 398 (Fla. 2d DCA 2004), and certified conflict with the four other district courts in Martin Daytona, Byrne-Henry, Swift, and Norris.
We first discuss the impetus for the adoption of the rule at issue setting a time requirement for service of motions for attorneys' fees or costs. We then discuss how the conflict cases have interpreted and applied the rule at issue. Finally, we analyze the language and intent of the rule, applying it to the instant case and concluding that the rule does not create a limited thirty-day window following the judgment in which the motion for attorneys' fees or costs must be served in order to be timely.

ANALYSIS
The version of rule 1.525 at issue in this case states:
Rule 1.525. Motions for Costs and Attorneys' fees
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
The 2004 version of the rule is identical in its text to the 2001 rule. Prior to the adoption of rule 1.525 in 2001, "Florida case law permitted motions for attorney's fees to be filed within a reasonable time of the plaintiff's abandonment of the claim or within a reasonable time after final judgment is entered." E & A Produce Corp. v. Superior Garlic Int'l, Inc., 864 So.2d 449, 451 (Fla. 3d DCA 2003) (citing Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991)). We are unable to locate any case that has held under the law in effect before the 2001 rule that a motion filed before judgment would be untimely or unreasonable. Furthermore, under Stockman, a unanimous Court held that, despite the requirement that motions for attorneys' fees be filed within a reasonable time after the entry of judgment, a party seeking attorneys' fees also had to plead entitlement to fees in the complaint or answer. Id. at 838. As this indicates, the overriding intent of the filing and pleading requirements appeared to be provision of timely, adequate notice to the opposing party. It was for this same reason that the "reasonable time" standard came under criticism  because in some cases it did not provide prompt enough notification of the specifics of the claim for fees. In adopting rule 1.525, this Court did not overrule Stockman's pleading requirement or the underlying objective of early, detailed notification of claims for fees and costs.
Rule 1.525 was adopted to establish an explicit time requirement for service of fee and cost motions in order to resolve the uncertainties caused by the "reasonable time" standard. See Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 600 (Fla.2006). The Court is now asked to decide whether the time requirement of rule 1.525 established only a narrow window of thirty days following the judgment in which to serve the motion for fees and *1120 costs or whether, instead, it prescribed only the latest point at which the motion may be served.

THE CONFLICT CASES
The Second District held in Barco that a motion served before entry of the judgment was not timely under rule 1.525, based on the premise that the rule sets forth only a thirty-day window following the judgment in which the motion may be served. In so doing, the Second District certified conflict with decisions of the First District in Norris, the Fourth District in Swift, the Third District in Byrne-Henry, and the Fifth District in Martin Daytona. Each of these decisions involves the service of a motion for fees and costs before the filing of the judgment in the case. Importantly, each court found the early motion to be timely according to its interpretation of the intent of the rule.
In Norris, the First District held that a motion for fees and costs served after the jury verdict but before the personal injury judgment was timely under the 2004 version of rule 1.525, reasoning:
In our view, the primary evil to be addressed by the supreme court's adoption of Rule 1.525 was the uncertainty created by excessive tardiness in the filing of motions for fees and costs [under the pre-2001 "reasonable time" requirement]. Decisions in which the courts found a motion untimely under the "reasonable time" standard generally note prejudice or unfair surprise.
In contrast, we have found no cases where an appellate court applied the "reasonable time" standard to a motion served before entry of judgment, and found prejudice or unfair surprise to a party, so as to conclude the motion was untimely. In fact, it is hard to imagine a situation where a motion for fees and costs, filed after an adverse jury verdict, but before filing the judgment, could ever be prejudicial or cause unfair surprise to the losing party.
. . . .
We conclude the purpose of Rule 1.525 is fully accomplished by an interpretation that establishes the latest point at which a prevailing party may serve a motion for fees and costs. The party seeking fees may serve a motion as soon as entitlement is established. The motion, however, must be served no later than 30 days after filing of the judgment.
Norris, 907 So.2d at 1218-19 (citations omitted). The First District went on to certify conflict with the Second District's decision in Swann and this Court initially accepted review. Norris v. Treadwell, 919 So.2d 435 (Fla.2006). However, the Court ultimately discharged jurisdiction and dismissed review, noting that the rule had been amended in 2006 to provide that the motion must be served "no later than" thirty days after the judgment. See Norris v. Treadwell, 934 So.2d 1207, 1207 (Fla. 2006).
In the year following the First District's decision in Norris, the Fourth District in Swift, a breach of contract action, held that a motion for fees and costs served before judgment was timely under rule 1.525. The Swift court cited Norris and reasoned that the rule does not specify the earliest time when a motion for costs and fees may be served but instead "establishes the latest point at which a prevailing party may serve a motion for fees and costs." 924 So.2d at 887 (quoting Norris, 907 So.2d at 1218). The court in Swift explained:
This interpretation is consistent with the language of the rule, which provides that the motion must be served "within 30 days after filing of the judgment." Fla. R. Civ. P. 1.525 ([Emphasis] supplied). "When used relative to time," *1121 the preposition "within" has been defined as meaning "any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than."
924 So.2d at 887 (citing Black's Law Dictionary 1437 (5th ed.1979)). The Fourth District also certified conflict with Swann but this Court denied review. See Swift v. Wilcox, 949 So.2d 199 (Fla.2007).
Shortly after the Fourth District's decision in Swift, the Third District decided Byrne-Henry, which also held that a motion served before the filing of a notice of voluntary dismissal was timely under the 2004 version of rule 1.525. Byrne-Henry, 927 So.2d at 67. The Third District agreed with the First District's decision in Norris, which it described as holding that, although the rule does create a bright-line test, it is only to establish the latest date a motion may be served. Id. at 68.
In Martin Daytona, the issues were whether rule 1.525 applies to motions filed in the circuit court based on awards emanating from arbitration and, if so, whether a motion served before entry of the judgment is timely under the rule. 941 So.2d at 1221-22. The Fifth District resolved the issues by finding that the rule applies under those circumstances and that the motion was timely, explaining that rule 1.525 establishes a deadline "to eliminate the reasonable time rule and establish a time requirement to serve motions for costs and attorney's fees." Id. at 1225 (quoting Carter v. Lake County, 840 So.2d 1153, 1156 (Fla. 5th DCA 2003)). Aligning itself with the First, Third and Fourth Districts, the Fifth District opined that the "reasonable time" standard was vague and that the original enactment of the rule in 2001, requiring service of the motion within thirty days after the filing of the judgment, was intended to and did establish an outside deadline of thirty days after the judgment, beyond which a motion will be untimely. Id. Noting that the rule had been amended effective 2006 to clearly state that the deadline for service of the motion is thirty days after the filing of the judgment, thereby eliminating all doubt, the Fifth District held that this clear statement was also the intended meaning of the earlier version of rule 1.525. Id. at 1226.
The conflict cases all generally hold that the 2001 enactment of rule 1.525 (which contains the same language as the 2004 version) was intended only to create a final deadline for service of the motion, in order to avoid the tardiness that occurred in filing a motion under the preexisting "reasonable time" filing requirement. The conflict courts generally agree that the "reasonable time" requirement created the potential for prejudice to the opposing party, which is not present under the rule because it eliminates tardy motions. Several of the conflict courts also opine that the intent of the 2006 amendment in removing the word "within" from the rule was to effect the original intent of the 2001 amendment  that being elimination of tardy motions. None of the conflict decisions identify any possible prejudice in an early prejudgment filing, as opposed to a late postjudgment filing.

INTERPRETATION OF THE RULE
As this Court explained in Saia, appellate courts apply a de novo standard of review when the construction of a procedural rule, such as rule 1.525, is at issue. 930 So.2d at 599. Further, "[i]t is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction." Id. "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute *1122 must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)); accord Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452, 454 (Fla.1992). If, however, the language of the rule is ambiguous and capable of different meanings, this Court will apply established principles of statutory construction to resolve the ambiguity. See, e.g., Gulfstream Park Racing Ass'n, Inc. v. Tampa Bay Downs, Inc., 948 So.2d 599, 606 (Fla.2006).
The word "within" as used in rule 1.525 appears to be the critical term in interpreting the time deadline in the rule. It is appropriate to refer to dictionary definitions when construing statutes or rules. See Reform Party of Fla. v. Black, 885 So.2d 303, 312 (Fla.2004) (citing Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 204-05 (Fla. 2003)). Indeed, this is what the Fourth District did in Swift, when it construed the word "within" to mean "not later than." The court explained: "`When used relative to time,' the preposition `within' has been defined as meaning `any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than.'" Swift, 924 So.2d at 887 (quoting Black's Law Dictionary 1437 (5th ed.1979)). Merriam-Webster's Collegiate Dictionary 1359 (10th ed.1999) defines the word "within" as including both "before the end of" and "being inside." Accordingly, the definition of the word "within" has not been restricted to only one meaning.
The word "within" has also been variously defined by different courts. See, e.g., Taxpayers Against Congestion v. Regional Transp. Dist., 140 P.3d 343, 347 (Colo.Ct.App.2006) (stating that "`within' means, in the context of a temporal restriction, `not longer in time than . . . before the end or since the beginning of'" based on Webster's Third New International Dictionary 2627 (1986), and concluding that an act to be done "within ten days after" certification of election results must be done during the ten days following the certification of the election); Brown v. Kindred, 259 Neb. 95, 608 N.W.2d 577, 579 (2000) (reaffirming holding that "within" means "inside of"); Glaze v. Grooms, 324 S.C. 249, 478 S.E.2d 841, 844 (1996) ("If an action is required by statute within a certain time `after' an event, the general rule is that the action may be taken before the event, since the statute will be considered as fixing the latest, but not the earliest, time for taking the action.") (citing 86 C.J.S. Time § 8).
The Supreme Court of Iowa summarized the differing meanings of the word "within" when it explained:
In fixing time, this word is fairly susceptible of different meanings. . . . It may be taken to fix both the beginning and end of the period of time in which a specified act must be done. In this sense "within" means "during."
However, "within" frequently means "not beyond, not later than, any time before, before the expiration of." In this sense "within" fixes the end but not the beginning of the period of time.
Iowa State Dept. of Health v. Hertko, 282 N.W.2d 744, 751 (Iowa 1979) (quoting Jensen v. Nelson, 236 Iowa 569, 19 N.W.2d 596, 598 (1945)).
This Court has also had occasion to construe the word "within," albeit in a statutory context, stating:
"Within" means "during the time of." Black's Law Dictionary 1602 (6th ed.1991). In common usage, "within" simply is not synonymous with "no later than." The term "within" implies a *1123 measurement fixed both at its beginning and its end, whereas "no later than" implies only a fixed end.
Jeffries v. State, 610 So.2d 440, 441 (Fla. 1992). However, the Court had earlier construed the word "within" in Chatlos v. Overstreet, 124 So.2d 1 (Fla.1960), differently. There, in construing a statute, the Court said that the word "within" was susceptible of differing meanings  including "not longer in time than" and "not later than"  and concluded that the word "does not fix the first point of time, but the limit beyond which action may not be taken." Id. at 3. Interestingly, in 1963, the Second District cited Chatlos for this very principle in construing a rule of procedure that authorized the filing of a petition for rehearing "within 10 days after the recording of the decree." Bradford Builders, Inc. v. Phillips Petroleum Co., 154 So.2d 189, 190 (Fla. 2d DCA 1963).[3] There, the Second District found that the word "within" means "not later than" and that a petition was timely even though filed before the decree was final. Id.
Because the word "within" is clearly susceptible of several different and somewhat contrary meanings, we look to the purpose of the rules of civil procedure as well as the purpose behind the enactment of rule 1.525. See Fla. Birth-Related Neurological Injury Compensation Ass'n v. Fla. Div. of Admin. Hearings, 686 So.2d 1349, 1354 (Fla.1997) ("[C]onsideration must be accorded not only to the literal and usual meaning of the words, but also to their meaning and effect on the objectives and purposes of the statute's enactment."). The general guide to construction of the procedural rules is set forth in Florida Rule of Civil Procedure 1.010, which states that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." See also Singletary v. State, 322 So.2d 551, 555 (Fla.1975) ("Procedural rules should be given a construction calculated to further justice, not to frustrate it.").
Further, regarding the purpose, rule 1.525 was created to replace the "reasonable time" requirement established by prior case law with a "within 30 days after" requirement primarily to accomplish two goals: first, to cure the "evil" of uncertainty created by tardy motions for fees and costs, see Norris, 907 So.2d at 1218; and second, to eliminate the prejudice that tardy motions cause to both the opposing party and the trial court. There is no indication that the purpose behind the rule was to create a narrow window to begin only after the filing of the judgment.
In fact, as the Court explained in Stockman, "[t]he existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle." 573 So.2d at 837. This principle is equally applicable to our determination that rule 1.525 should be construed in a manner that does not prevent the service of an early motion for such fees or costs.
Because the word "within" in the 2004 version of the rule is ambiguous and because procedural rules are to be construed to effect a speedy and just determination of the cause on the merits, we construe the word "within" in accord with *1124 those courts that have found it to mean "not later than" thirty days after the filing of the judgment, as the current rule now provides. The 2006 amendment to the rule clarifies that the intent of the rule is to establish only an outside deadline for service of the motion, by substituting the words "no later than" for the more ambiguous word "within." The rule, effective January 1, 2006, now reads: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after the filing of the judgment. . . ." See In re Amendments to the Fla. Rules of Civil Pro. (Two Year Cycle), 917 So.2d 176, 177, 186 (Fla.2005).
Therefore, we conclude that the prior version of rule 1.525 in effect in 2004 was not intended to create a limited thirty-day window for service of a motion for attorneys' fees or costs or both. The rule in effect in 2004, just like the rule amended effective 2006, requires only that the motion be served no later than thirty days following the filing of the judgment.[4]

CONCLUSION
For all the reasons stated, we agree with the conclusions reached by the First, Third, Fourth and Fifth Districts, which hold that rule 1.525 does not mandate service of a motion for attorneys' fees or costs only within a thirty-day window following the filing of the judgment. We also conclude that the timely service requirement of rule 1.525 in effect in 2004, which established only an outside deadline for service of Barco's motion for attorneys' fees and costs, was met when Barco served his first motion for attorney's fees and costs prior to the filing of the judgment. Accordingly, we quash the decision of the Second District in Barco, disapprove the decision in Swann, and approve the decisions in Norris, Byrne-Henry, Swift, and Martin Daytona. We remand for proceedings consistent with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Rule 1.525 has been amended, effective January 1, 2006, to make clear that the motion must now be served no later than thirty days after judgment. Thus, effective 2006, the question of whether a motion for attorneys' fees or costs served prior to judgment is untimely has been eliminated by the 2006 amendment clarifying that the rule dictates only the latest date for service of the motion and did not intend for there to be only a narrow window of thirty days following the judgment.
[2] These fees are not at issue here. Under section 73.091(1), Florida Statutes (2004), the condemning authority was required to pay attorneys' fees and reasonable costs incurred in the circuit court eminent domain proceedings. Section 73.092(1), Florida Statutes (2004), provides for calculation of statutory attorneys' fees on the basis of the benefits achieved for the client, except under certain circumstances set forth in the chapter that are not pertinent here.
[3] Similar to the change in rule 1.525, the current rule 1.530 providing for motions for new trial, rehearing and amendment of judgments now requires those motions to be served "not later than 10 days" after the verdict or the filing of the judgment in a nonjury action.
[4] This decision does not alter the pleading requirements for claims for attorneys' fees that have been established by prior case law. See Stockman, 573 So.2d at 837. However, it is not sufficient for a party to plead entitlement to fees or costs only in their pretrial pleadings, such as in a complaint or an answer. A timely motion is also required. Further, a court's reservation of jurisdiction to determine fees and costs does not extend the time for service of a motion under rule 1.525. See Saia, 930 So.2d at 600.