DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN A. CATALO** and **CATALO APPRAISAL & REALTY, INC.,**
Appellants,

v.

**LLANO FINANCING GROUP, LLC,**
Appellee.

No. 4D16-4348

[February 14, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit; Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2015-CA-008897-XXXX-MB-AN.

Roy W. Jordan, Jr. of Roy W. Jordan, P.A., West Palm Beach, for appellants.

Robert J. Hauser of Pankauski Hauser PLLC, West Palm Beach, for appellee.

GROSS, J.

This is an appeal from an order denying attorneys' fees based on a proposal for settlement filed by the defendants. Due to the untimeliness of appellants' motions for attorneys' fees in the circuit court, we affirm in part. We reverse and remand as to appellate attorneys' fees, which were not dependent on an award of fees at the trial court level.

The circuit court originally dismissed the case with prejudice on February 25, 2016. The court later determined that the order of dismissal was not a final order and entered a second order of dismissal on May 13, 2016. Appellee/plaintiff appealed the second order of dismissal; this court dismissed the appeal for lack of jurisdiction, ruling that the February 25 order was a final order and that the plaintiff failed to timely move for rehearing, so the appeal was untimely. We also granted appellate attorneys' fees "conditioned on the trial court determining that [appellants/defendants] are entitled to fees under section 768.79, Florida Statutes, and, if so, to set the amount of the attorneys' fees to be awarded for this appellate case."

Appellants' first motion for fees was filed on April 22, 2016, more than 30 days after the February 25 order of dismissal. A second motion for fees was filed on May 13, 2016, the same day that the second order of dismissal issued.

The circuit court took up the issue of appellants' entitlement to attorneys' fees and held a hearing. The court ultimately denied all attorneys' fees due to problems with service of the motions.

We do not reach the issue of the propriety of the service because we affirm the denial of trial level attorneys' fees under the tipsy coachman rule. "Under the tipsy coachman rule, 'if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support judgment in the record.'" *Bueno v. Workman*, 20 So. 3d 993, 998 (Fla. 4th DCA 2009) (quoting *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999)).

Pursuant to Florida Rule of Civil Procedure 1.525, a motion for attorneys' fees must be served "no later than 30 days after filing of the judgment, including a judgment of dismissal." *See also Swift v. Wilcox*, 924 So. 2d 885, 886 (Fla. 4th DCA 2006), *aff'd Barco v. Sch. Bd. of Pinellas Cty.*, 975 So. 2d 1116, 1124 (Fla. 2008). Additionally, section 768.79, Florida Statutes, requires the party seeking fees pursuant to an offer of judgment to file its motion for attorneys' fees within 30 days after the entry of judgment or after voluntary or involuntary dismissal. *See* § 768.79(6), Fla. Stat. (2016) ("Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal . . . .").

In this case, the April 22 and May 13 motions were served after the 30-day time limit from the operative February 25 dismissal, so they were untimely.

We agree with appellants that our award of *appellate* attorneys' fees was not dependent upon their entitlement to trial level attorneys' fees. *See Disney v. Vaughen*, 804 So. 2d 581, 583 (Fla. 5th DCA 2002) (rejecting "Vaughen's argument that obtaining a ruling on a motion for trial attorney's fees in the trial court is necessary before a party may obtain appellate attorney's fees."); *Spencer v. Barrow*, 752 So. 2d 135, 138 (Fla. 2d DCA 2000).

We therefore reverse the denial of appellate attorneys' fees and remand to the circuit court to determine entitlement and, if appropriate, the amount. We note that in the first appeal, little was required of the

appellants (appellees in the first appeal). No briefs were filed and appellants' filings were few.

FORST and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***