DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CYNTHIA KELLY,**
Appellant,

v.

**HAIM COHEN-SABAN,**
Appellee.

Nos. 4D2024-1561 and 4D2024-1565

[February 25, 2026]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 50-2020-CA-014553-XXXX-MB.

Ian P. Singer and Carmen Y. Cartaya of Segal McCambridge Singer Mahoney, Ltd., Fort Lauderdale, for appellant.

Scott M. Behren of Behren Law Firm, Weston, for appellee.

PER CURIAM.

This appeal arises out of the appellant's claim and the appellee's counterclaim, both for breach of lease. We affirm the trial court's denial of both parties' motions for attorneys' fees, but we reverse the trial court's denial of the appellant's motion for costs.

After the return of the verdict, the appellant moved for attorney's fees and costs. With respect to the appellant's motion for costs, she argued that pursuant to section 57.041, Florida Statutes (2020), she is entitled to costs as the prevailing party. The trial court did not address the motion for costs until the court issued an order on the appellant's motion for rehearing. The court denied the motion for rehearing, finding the motion for costs was filed before judgment was entered and thus the motion for costs was premature. However, the denial was without prejudice to the appellant to refile her motion for costs.

The trial court erred in finding the motion for costs was premature. *See* Fla. R. Civ. P. 1.525 ("Any party seeking a judgment taxing costs . . . shall serve a motion no later than 30 days after filing of the judgment . . . .");

*Swift v. Wilcox*, 924 So. 2d 885, 886-87 (Fla. 4th DCA 2006) (holding that rule 1.525 "establishes the latest point at which a prevailing party may serve a motion for fees and costs" (quoting *Norris v. Treadwell*, 907 So. 2d 1217, 1218 (Fla. 1st DCA 2005))).[1]

We remand to the trial court to apply the "party recovering judgment" standard in considering the appellant's motion for costs. *See Sherman v. Sherman*, 279 So. 3d 188, 193 (Fla. 4th DCA 2019) (recognizing that section 57.041 mandates the award of costs to the "party recovering judgment").

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, LEVINE and SHAW, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely-filed motion for rehearing.**

---

[1] Although *Swift* involved interpretation of an earlier version of rule 1.525 that required a motion for fees and costs to be filed "within 30 days after filing of the judgment," we find that the language of the current rule 1.525 also establishes the latest point at which a prevailing party may serve a motion for fees and costs.