PER CURIAM.
Raymond James Financial Services, Inc. (Raymond James), appeals the trial court’s final declaratory judgment which found that the arbitration claims of Barbara J. Phillips, as trustee of the Barbara J. Phillips Trust and as a guardian to Walter R. Phillips; Jennifer L. Phillips, individually and as trustee of the Barbara J. Phillips Flite Trust; and Margaret K. Camp (collectively, Account Holders) were not *909 barred by Florida’s statutes of limitations. Because the circuit court correctly determined that arbitrations are not “actions” or “proceedings” for purposes of section 95.011, Florida Statutes (2005), we affirm. In doing so, we choose to discuss only one of the issues raised by Raymond James.
I. Facts and Procedural History
The Account Holders executed client agreements with Raymond James for investment purposes. Pursuant to the provisions of the client agreements, the Account Holders were required to submit any disputes with Raymond James to the National Association of Securities Dealers, Inc. (NASD), for arbitration.[1] Section 10304, the applicable NASD Code of Arbitration Procedure, provides a time limit upon submissions for arbitration. It states in pertinent part:
(a) No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the ... claim.
[[Image here]]
(b) This Rule shall not extend applicable statutes of limitations; nor shall the six-year time limit ... apply to any claim that is directed to arbitration by the court.
The client agreement also provided:
(d) Nothing in this agreement shall be deemed to limit or waive the application of any relevant state or federal statute of limitation, repose or other time bar. Any claim made by either party to this agreement which is time barred for any reason shall not be eligible for arbitration. The determination of whether any such claim was timely filed shall be by a court having jurisdiction, upon application by either party.
In November 2005 the Account Holders filed arbitration claims with NASD. The Account Holders’ grievances may briefly be summarized as claims of negligence; misconduct, including breaches of fiduciary duty; and state and federal securities violations. In response to the Account Holders’ claims, Raymond James filed a motion to dismiss, asserting that the Account Holders’ claims were barred by the limitations periods in chapter 95, Florida Statutes (2005). The Account Holders then invoked the provision in the arbitration agreement which stated that timeliness issues would be decided by the court, and they filed an action in the circuit court of Collier County seeking a declaratory judgment. The Account Holders argued that Florida’s statutes of limitations do not apply to arbitration proceedings. The circuit court agreed and issued a final declaratory judgment stating that Florida’s statutes of limitations were not applicable to the Account Holders’ arbitration claims as a matter of law. The court reasoned that the Florida Supreme Court’s decision in Miele v. Prudential-Bache Securities, Inc., 656 So.2d 470, 472 (Fla.1995), determined that arbitrations are not “actions” or “proceedings.” This appeal followed. We believe the issue before us is one of first impression in Florida.
II. Analysis
“A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.” Hamilton v. Tanner, 962 So.2d 997, 1000 (Fla. 2d DCA 2007). Likewise, a trial court’s ruling on a motion for declaratory relief is subject to de novo review. Schneberger v. Schneberger, 979 So.2d 981, 982 (Fla. 4th DCA 2008). The issue in this case is a *910 legal issue concerning statutory interpretation. The question is narrow: whether Florida’s statutes of limitations are applicable to arbitration claims when the parties have not expressly included a provision in their arbitration agreement stating that they are applicable.
The language of the contract at issue in this ease does not expressly state that Florida’s statutes of limitations apply to the arbitration claims. Instead, the language states that the contract will not “limit or waive the application of any relevant state or federal statute of limitation.” The Account Holders argue, and we agree, that this phrase does not affirmatively incorporate Florida’s statutes of limitations into the agreement. The phrase indicates that Raymond James did not intend to waive any relevant statute of limitations defenses. Thus, we must determine whether Florida’s statutes of limitations are relevant to arbitration claims. We are not alone in making this determination. See Broom v. Morgan Stanley DW Inc., 169 Wash.2d 281, 236 P.3d 182, 187 (2010) (“We determine independently whether our state statutes of limitations may apply to arbitral proceedings.”).
“As with any case of statutory construction, we begin with the ‘actual language used in the statute.’ ” Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007) (quoting Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)). “This is because legislative intent is determined primarily from the statute’s text.” Id. (citing Maggio v. Fla. Dep’t of Labor & Employment Sec., 899 So.2d 1074, 1076-77 (Fla.2005)). “It is appropriate to refer to dictionary definitions when construing statutes or rules.” Barco v. Sch. Bd. of Pinellas Cnty., 975 So.2d 1116, 1122 (Fla.2008). If “ ‘the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’ ” Id. at 1121-22 (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). However, if the language is ambiguous and capable of differing meaning, then the court must use the rules of statutory construction to resolve the ambiguity. Id. at 1122. Thus, when the language is ambiguous and “ ‘[i]n the absence of a statutory definition, resort may be had to case law or related statutory provisions which define the term.’” Tarpon Springs Hosp. Found., Inc. v. Anderson, 34 So.3d 742, 748 (Fla. 2d DCA 2010) (quoting Jones v. Williams Pawn & Gun, Inc., 800 So.2d 267, 270 (Fla. 4th DCA 2001)).
A. Section 95.011, Florida Statutes (2005)
Section 95.011 provides, “A civil action or proceeding, called ‘action’ in this chapter, ... shall be barred unless begun within the time prescribed in this chapter....” (Emphasis added.) There is nothing within chapter 95 which defines the terms “civil action” or “proceeding.” Thus, we turn to the dictionary definition of these terms. Black’s Law Dictionary defines “civil action” as “[a] civil suit stating a legal cause of action and seeking only a legal remedy.” Black’s Law Dictionary, 31 (8th ed. 2004). It defines “proceeding” as “[a]ny procedural means for seeking redress from a tribunal or agency,” “[t]he business conducted by a court or other official body,” and “[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.” Id. at 1241. Because neither the actual language of the statute nor the dictionary definition include the term arbitration, the meaning of the words “civil action” or “proceeding” do not convey a clear and definite meaning, and we must resort to the principles of statutory construction.
*911 Section 95.011 was enacted in 1974 and included the terms “civil action” and “proceeding.” Ch. 74-882, § 1, Laws of Fla. With one exception, the limitations statutes in effect prior to that time did not contain the word “proceeding.” Even the sole exception — for “proceedings” involving children born out of wedlock — contemplated an action brought in court. § 742.011, Fla. Stat. (1973). Thus, it appears that the legislature’s addition of the term “proceeding” to section 95.011 was done purposefully. However, there is nothing in the legislative history indicating that the words “civil action” or “proceeding” are applicable to arbitration, so we must resort to case law to interpret these terms.
B. Case Law
Because the phrase “civil action” appears prior to the word “proceeding,” we address “civil action” first. Here, the circuit court based its ruling on Miele. Although the Miele opinion is not a statute of limitations case, the language of the case supports the circuit court’s finding that arbitrations are not “actions.” The Miele court considered whether section 768.73, Florida Statutes (1991), which addressed limitations on punitive damage awards, applied to arbitration proceedings. Section 768.73 provided, in pertinent part, that it applied to “any civil action” that fell within certain categories of tort actions. Finding “that the plain meaning of ‘civil action’ must be derived from the context in which the language lies,” the court held that the term “civil action,” as used in the statute, was limited to proceedings “filed in a court” and did not include arbitration. Id. at 472. The court concluded that arbitration is “an alternative to the court system.” Id.
Although the Florida Supreme Court has never expressly receded from Miele, at least one Florida court has attempted to limit its scope. Like Miele, Martin Day-tona Corp. v. Strickland Construction Services, 941 So.2d 1220 (Fla. 5th DCA 2006), is not a statute of limitations case, but it is instructive in considering the application of Florida’s statutes to arbitration. Martin Daytona filed suit against Strickland Construction to recover an unpaid debt. The parties’ contract contained two significant provisions, an arbitration clause and a prevailing party attorneys’ fees clause. After Martin Daytona prevailed in the arbitration, it petitioned the circuit court to confirm the award and grant its motion for fees. Strickland Construction filed an objection to Martin Daytona’s motion for fees, arguing that the motion was untimely pursuant to Florida Rule of Civil Procedure 1.525. Martin Daytona responded that the civil procedure rule did not apply to arbitrations. The circuit court subsequently denied the motion for fees, and Martin Daytona appealed. The Fifth District concluded that under section 682.11, Florida Statutes (2005), arbitrators are prohibited from awarding attorneys’ fees unless the parties, in the arbitration agreement, expressly waive their right to have this issue decided by a court of law. 941 So.2d at 1223. The Martin Daytona agreement provided only that the arbitrator could determine who the prevailing party was for purposes of an eventual fee award. Id.
The court then addressed Martin Dayto-na’s argument that because Florida Rule of Civil Procedure 1.010 provides that the rules of civil procedure “apply to all actions of a civil nature,” rule 1.525 was inapplicable to the arbitration. Id. at 1224. The court concluded that the term “actions of a civil nature” included motions for fees and costs that are based on awards emanating from arbitration but which are filed in circuit court. Id. at 1225. Though acknowledging the holding in Miele, the Fifth District found that the legislature had “a different view from that *912 adopted by the court in Miele regarding the issue [of] whether arbitration proceedings are ‘civil actions’ within the meaning of section 768.73.” Id. The Fifth District reasoned that the legislature’s 1999 enactment of section 768.737, subsequent to the Miele decision, made clear its intent that section 768.73 governs arbitration as well as proceedings before the courts. Section 768.737 provides, “Where punitive damages are available as a remedy in an arbitration proceeding, ss. 768.72, 768.725 and 768.73 apply.” Based on this, the Fifth District concluded the amendment “militates in favor of the view that the term ‘actions of a civil nature’ in rule 1.010 includes motions for fees and costs filed in the Circuit Court that are based on awards emanating from arbitration proceedings.” Id. Having determined that rule 1.525 applied to the arbitration proceedings below, the court found that Martin Daytona’s motion was timely, and it remanded the matter for a determination of the amount of fees to be awarded. 941 So.2d at 1225-26.
We have no quarrel with the outcome of Martin Daytona. As noted, the action began as a civil lawsuit in circuit court, a matter clearly within the scope of rule 1.010. It was only after the action had been filed that it was referred, pursuant to the parties’ contract, to an arbitrator. Moreover, such referral did not put an end to the action because it had to be confirmed by the circuit court, and the circuit court alone could determine entitlement to fees and the amount thereof.
We cannot agree, however, that the enactment of section 768.737 represented a complete repudiation of Miele and certainly not a legislative directive that all arbi-trations are in fact “civil actions.” Section 768.73(2) was part of the 1986 Tort Reform and Insurance Act and reflected a philosophy that punitive damage awards can represent a windfall for the successful plaintiff even if such awards are otherwise appropriate to deter egregious misconduct on the part of the party being sued. Gordon v. State, 608 So.2d 800, 801-02 (Fla.1992). We consider section 768.737 to have been a legislative clarification of the punitive damages provision, the scope of which had previously been uncertain. To read more into it is unwarranted. Had the legislature been particularly concerned that the historic distinction between arbitrations and civil actions was leading to unjust results, it could have gone much further, including amending Florida’s statutes of limitations. In short, Martin Daytona does not compel the result Raymond James asks us to reach.
We acknowledge that the trial court incorrectly relied on the Miele decision when it stated that Miele determined arbitra-tions are not “proceedings.” There is nothing in Miele or any decisions subsequent to Miele which deals with the interpretation of the term “proceeding.” However, we do not find the word “proceeding” indicative of a legislative intent to apply Florida’s statutes of limitations to arbitration; thus, the trial court’s decision was proper.
The phrase used in section 95.011 is “civil action or proceeding.” We find this phrase to mean a court proceeding and not arbitration. If the legislature intended for the term “proceeding” to apply to arbitration, it could have defined “proceeding” to include an arbitration or it could have expressly included the word arbitration within section 95.011. Raymond James’ position that the phrase “or proceeding” means “arbitration” is a strained reading of the statute. This is especially true in light of the fact that the Florida Arbitration Code was enacted in 1957, which is prior to the enactment of section 95.011. Thus, the legislature was aware of arbitration and could have ex *913 pressly included the term if it intended for Florida’s statutes of limitation to apply to arbitration. This interpretation of the term “proceeding” is also consistent with case law from other states, reflecting a traditional notion of a “proceeding.” See, e.g., Mellen v. Knotts, 125 Ind.App. 118, 119 N.E.2d 20, 23 (1954) (discussing the form and manner of conducting judicial business before court or judicial officers); Queens-Nassau Transit Lines v. Maltbie, 188 Misc. 924, 51 N.Y.S.2d 841, 845 (N.Y.App.Div.1944) (discussing matters pending before judicial tribunals, quasi-judicial officers, and boards); Lane Cnty. v. Bristow, 179 Or. 653, 173 P.2d 954, 959 (1946).
Absent a more specific reference to arbi-trations in section 95.011, and without a clear indication of legislative intent otherwise or case law which interprets this issue, it is too much of a stretch to conclude that the legislature was motivated by a desire to extend our state’s limitations periods to such “proceedings.” See Holly, 450 So.2d at 219; Bill Smith, Inc. v. Cox, 166 So.2d 497, 498 (Fla. 2d DCA 1964). This is supported by the fact that some states’ limitations statutes expressly include the term arbitration. See Weintraub, When Do Statutes of Limitations Apply in Arbitration?, 81 Fla. Bar J. 25, 25 (2007) (citing New York’s and Georgia’s statutes of limitation as examples). In the absence of such inclusion, most jurisdictions that have considered the question do not read into their limitations statutes any implicit extension to arbitrations, given that they are not generally regarded as “proceedings.” Id.
Raymond James also cites O’Keefe Architects, Inc. v. CED Construction Partners, Ltd., 944 So.2d 181 (Fla.2006), as an acknowledgment by the Florida Supreme Court that arbitrations in Florida are subject to Florida’s limitations provisions. This is not so. Rather, the opinion determines only who decides the limitations question. In essence the trial court’s task “is a matter of contract interpretation.” 944 So.2d at 183. In O’Keefe Architects, the parties’ contractual arbitration provision was quite specific, providing that claims should be filed “within a reasonable time after the claim, dispute!,] or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim ... would be barred by the applicable statute of limitations.” Id. at 184. The limitations issue was argued before the arbitrators, who ruled adversely to O’Keefe Architects. O’Keefe Architects petitioned for declaratory relief, but the trial court determined that the limitations question was a factual matter for the arbitrators to decide. Id. at 185. Chapter 682, Florida Statutes (2005), generally empowers Florida courts to determine only issues of “arbitrability.” Id.; O’Keefe Architects, Inc. v. CED Constr. Partners Ltd., 909 So.2d 370 (Fla. 5th DCA 2005). In sum, neither the Fifth District nor the supreme court in O’Keefe Architects reached the limitations issue on its merits but held only that the parties had made a contract in which this decision was relegated to the arbitrators.
By contrast, the client agreement between Raymond James and the Account Holders states that “the determination of whether any ... claim was timely filed shall be by a court having jurisdiction, upon application of either party.”[2] That is, the parties specifically contracted for a determination by the local trial court, not *914 the arbitrator(s). We are in agreement with the opinion recently expressed by the Washington Supreme Court in Broom. There, the parties’ contract reserved the limitations issue for the arbitration panel and stated only that NASD’s rules would apply. The panel then applied Washington law, which disfavored the investors.[3] Even though the NASD code permits arbitrators to apply state statutes of limitations, the Washington court overturned the decision in this particular case due to the lack of sufficient specificity in the contract. 286 P.3d at 188. Similarly, the language of the Raymond James agreement appears to us to be a “one-size-fits-all” clause suitable for use nationwide. To whatever extent it may be viewed as ambiguous, any doubts are properly resolved against the drafter. See City of Homestead v. Johnson, 760 So.2d 80, 84 (Fla.2000).
III. Conclusion
In sum, Raymond James did not expressly include the Florida statutes of limitations in the contract. Since the contract is construed against the drafter and since the language of the statute does not state that it applies to arbitration, we hold that Florida’s statutes of limitations do not apply to arbitrations where the arbitration agreement does not expressly provide for their application. Thus, the trial court correctly determined that Florida’s statutes of limitation do not bar the Account Holders’ claims. However, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify to the Florida Supreme Court the following question, which we believe to be of great public importance:
DOES SECTION 95.011, FLORIDA STATUTES, APPLY TO ARBITRATION WHEN THE PARTIES HAVE NOT EXPRESSLY INCLUDED A PROVISION IN THEIR ARBITRATION AGREEMENT STATING THAT IT IS APPLICABLE?
Affirmed.
BLACK, J., and RAIDEN, MICHAEL E., ASSOCIATE JUDGE, Concur.
KELLY, J., Dissents.

. In July 2007 NASD was consolidated with the member regulation, enforcement, and arbitration functions of the New York Stock Exchange and the Financial Industry Regulatory Authority (FINRA) was created. Raymond James is a member of FINRA.

. The appropriateness of the chosen forum, the circuit court of Collier County, is not contested.

. Washington is among those jurisdictions that have held "a catch-all statute of limitations [does] not apply to arbitrations.” Broom, 236 P.3d at 187.