PARIENTE, J.
Petitioner Raymond James Financial Services required its clients (the investors) to sign an agreement to arbitrate all disputes arising out of the handling of their investments. The issue in this case is not the validity of the arbitration agreement, but rather whether Florida’s statute of limitations that is applicable to a “civil action or proceeding” applies to arbitration proceedings. The investors assert that the statute of limitations applies only to judicial actions and thus did not limit the time in which to bring their arbitration claims, and the Second District Court of Appeal agreed. Raymond James Fin. Servs., Inc. v. Phillips, 110 So.3d 908, 2011 WL 5555691 (Fla. 2d DCA 2011). However, the Second District certified a question of great public importance,[1] which we rephrase as follows:
DOES SECTION 95.011, FLORIDA STATUTES, APPLY TO ARBITRATION?
*188 We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Based on the language of the statute and the application of principles of statutory construction, we hold that Florida’s statute of limitations applies to arbitration because an arbitration proceeding is within the statutory term “civil action or proceeding” found in section 95.011. Thus, we answer the rephrased certified question in the affirmative and agree with Raymond James[2] that the investors’ arbitration claims in this case are governed by the statute of limitations.
FACTS AND BACKGROUND
This case arose after Richard Vanden-berg, the Naples office branch manager of Raymond James, invested his clients’ assets into allegedly non-diversified, high risk equities, which caused the investments to lose significant value between 1999 and 2005. The investors[3] opened their accounts between July 1999 and March 2000, and in connection with opening the accounts, the parties all agreed to arbitrate any disputes. The parties’ contract provided for the following:
Choice of Law: This agreement and any accounts opened hereunder shall be construed, interpreted, and the rights of the parties shall be determined in accordance with the Internal laws of the State of Florida....
[[Image here]]
Arbitration Disclosures:
Arbitration is final and binding on the parties.
The parties are waiving their right to seek remedies in court, including the right to trial by jury.
Pre-arbitration discovery is generally more limited than and different from court proceedings.
[[Image here]]
Arbitration and Dispute Resolution: (a) In a dispute or controversy, either arising in the future or in existence now, between me and you (including your officers, directors, employees or agents and the introducing broker, if applicable) we agree to first endeavor to settle the dispute in an amicable manner by mediation before the National Association of Securities Dealers, Inc., at the request of either party. Thereafter, any unsettled dispute or controversy will be resolved by arbitration conducted before the New York Stock Exchange, Inc., the National Association of Securities Dealers, Inc., or the American Stock Exchange, Inc., or other self-regulatory organizations (SRO) subject to the jurisdiction of the Securities and Exchange Commission (SEC) pursuant to the arbitration rules of the SRO, and in accordance with the Federal Arbitration Act (Title 9 of the United States Code.)
[[Image here]]
(d) Nothing in this agreement shall be deemed to limit or waive the application of any relevant state or federal statute of limitation, repose or other time bar. Any claim made by either party to this agreement which is time barred for any *189 reason shall not be eligible for arbitration. The determination of whether any such claim was timely filed shall be by a court having jurisdiction, upon application by either party.
In 2005, the investors filed a joint claim for arbitration against Raymond James, alleging that Vandenberg exerted strong influence over their accounts and, irrespective of their tolerance for risk, he concentrated on purchasing high-risk equities in the technology sector that were inconsistent with the investors’ investment objectives. The investors alleged federal securities violations and violations of chapter 517, Florida Statutes, which governs Florida securities transactions, and asserted that Raymond James negligently failed to supervise Vandenberg.
Raymond James moved to dismiss the causes of action, maintaining that all of the claims were barred by the relevant statute of limitations applicable to both chapter 517 actions and negligence actions because the causes of action were filed more than six years after the first unsuitable investment and more than four years after all of the alleged unsuitable purchases. The National Association of Securities Dealers (NASD) appointed an arbitration panel, which scheduled a hearing on the motion to dismiss.
Before the hearing, the investors filed an action in state trial court, seeking a declaratory judgment and asserting that based on the contract, the parties had agreed that a court would determine whether the claim was timely. The investors further alleged that Florida’s statute of limitations does not apply to arbitration, but applies only to judicial actions. The trial court agreed and granted declaratory judgment in favor of the investors, relying on our precedent in Miele v. Prudential-Bache Securities, Inc., 656 So.2d 470 (Fla.1995).
On appeal, the Second District disagreed with the trial court that Miele governed. Raymond James Fin. Servs., 110 So.3d at 909-. The Second District, however, affirmed the trial court’s order, concluding that the arbitration agreement did not expressly provide for the application of Florida’s statute of limitations, but rather incorporated only relevant Florida law, and further that section 95.011 was not relevant because it did not apply to arbitration. Id. The Second District then certified the question as to the applicability of Florida’s statute of limitations to arbitration agreements to be of great public importance, id., which we have rephrased.
ANALYSIS
As an initial matter, while the trial court relied on Miele for its holding and both parties discuss Miele in support of their positions, we agree with the Second District’s determination that the trial court erred in relying solely, upon Miele to conclude that section 95.011 did not apply to arbitration. Miele is distinguishable because it addressed only the term “civil action” and did not involve the statute of limitations. Miele, 656 So.2d at 472-73. Accordingly, as this Court has not already answered the question presented, we turn to the issue at hand.
The parties do not dispute that Florida law controls. Because the issue pertaining to statutory construction definitively answers the issue presented in this case, we resolve only that issue and do not reach the question of whether the contract expressly incorporated the statute of limitations. After reviewing the applicable statutory provisions, we conclude that an arbitration proceeding is included within the statute of limitations set forth in section 95.011. Our conclusion is supported by well-settled principles of statutory construction.
*190 Questions of statutory interpretation are reviewed by this Court de novo. Maggio v. Fla. Dep’t of Labor & Emp’t Sec., 899 So.2d 1074, 1076 (Fla.2005). The primary rule of statutory construction is “to give effect to legislative intent, which is the polestar that guides the court in statutory construction.” Gomez v. Vill. of Pinecrest, 41 So.3d 180, 185 (Fla.2010) (quoting Larimore v. State, 2 So.3d 101, 106 (Fla.2008)). In answering a statutory interpretation question, this Court must “begin with the ‘actual language used in the statute’ ” because legislative intent is determined first and foremost from the statute’s text. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007) (quoting Borden v. E.-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)).
The starting point of our analysis thus begins with the actual language of the statute. In this case, the statute of limitations that applies to the investors’ causes of action is contained within section 95.11. Specifically, subsections 95.11(3)(a) and (4)(e) state as follows:
95.11. Limitations other than for the recovery of real property. — Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(3) WITHIN FOUR YEARS.—
(a) An action founded on negligence.
[[Image here]]
(4) WITHIN TWO YEARS.—
[[Image here]]
(e) An action founded upon a violation of any provision of chapter 517, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred.
§ 95.11, Fla. Stat. (2005) (emphasis added). Consequently, the statute of limitations is limited to “[a]ctions.” To determine the meaning of this term, we look to section 95.011, which defines “action” and provides for the applicability of the statute of limitations:
A civil action or proceeding, called ‘action’ in this chapter, ... shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.
§ 95.011, Fla. Stat. (2005) (emphasis added).
In reading these two statutory provisions together, we must determine whether an arbitration proceeding is a “civil action or proceeding” — terms that chapter 95 does not expressly define. As this Court has held, “[w]hen considering the meaning of terms used in a statute, this Court looks first to the terms’ ordinary definitions, ... definitions [that] may be derived from dictionaries.” Metro. Cas. Ins. Co. v. Tepper, 2 So.3d 209, 214 (Fla.2009). Black’s Law Dictionary defines “civil action” as “[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation.” Black’s Law Dictionary 34 (9th ed. 2009). It defines “proceeding” as “[a]ny procedural means for seeking redress from a tribunal or agency.” Id. at 1324.[4]
While the Second District did refer to Black’s Law Dictionary in determining whether arbitration fell within the plain meaning of “proceeding,” the district court stated that “[b]ecause neither the actual *191 language of the statute nor the dictionary definition include the term arbitration, the meaning of the words ‘civil action’ or ‘proceeding’ do not convey a clear and definite meaning.” Raymond James Fin. Servs., 110 So.3d at 912. However, since Black’s Law Dictionary recognizes that a proceeding also includes a tribunal, the district court erred in failing to consider whether arbitration was a form of tribunal. As Black’s Law Dictionary notes, a tribunal is “[a] court or other adjudicatory body.” Black’s Law Dictionary 1646 (emphasis added). The term adjudicatory refers back to adjudication, which is defined as both “[t]he legal process of resolving a dispute,” as well as “the process of judicially deciding a case.” Id. at 47. In addition, an arbitrator would fall under the definition of an adjudicator, which Black’s Law Dictionary defines as “[a] person whose job is to render binding decisions.” Id.
Arbitration is clearly within the meaning of the term adjudication since the parties to an arbitration are engaging in “[t]he legal process of resolving a dispute” by seeking redress from an “adjudicatory body.” Moreover, the arbitrator is an adjudicator who has the authority and obligation to render a binding decision and resolve the parties’ dispute. Accordingly, a review of the common usage of the terms used, as discussed above, supports our conclusion that the term “proceeding,” as used in section 95.011, is a broad term and includes arbitration.
Even if a review of the statute’s language and the definition of the terms in question does not definitively establish the meaning of “proceeding,” our analysis does not stop at this point. Another important tenet of statutory construction is that courts must give “significance and effect ... to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage.” Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc., 3 So.3d 1220, 1233 (Fla.2009) (quoting Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 (Fla.2003)). Here, the Legislature used the phrase “civil action or proceeding.” Whereas civil actions may be limited to court cases, a proceeding is clearly broader in scope. As the Legislature did not add the word “judicial” before the word “proceeding,” limiting the term “proceeding” to apply to only judicial proceedings construes this term in a manner contrary to the language of the statute and the Legislature’s intent.
We also recognize that “related statutory provisions must be read together to achieve a consistent whole.” Heart of Adoptions, 963 So.2d at 199. Section 95.011 provides that for purposes of chapter 95, the term “action” refers to a “civil action or proceeding” and then states that an action shall be barred unless it is begun within the time prescribed in chapter 95 or prescribed elsewhere in the statutes. The next statutory provision, section 95.03, uses the term “action” and provides as follows:
95.03. Contracts shortening time. — • Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void.
§ 95.03, Fla. Stat. (2005). If this Court interpreted the term “proceeding” to exclude arbitration, a person could easily avoid the protection of section 95.03 by agreeing to pursue claims in arbitration because arbitration would not be considered to be an “action” for purposes of chapter 95. In other words, an arbitration agreement could circumvent section 95.03 and actually shorten the applicable statute of limitations. This would defeat the very *192 purpose of section 95.08, which is to prevent a party from being able to shorten the statute of limitations by contract.
Other related statutory provisions aid our analysis as well. As we have previously recognized, “[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.” Heart of Adoptions, 963 So.2d at 199 (quoting Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So.2d 891, 898 (Fla.2002) (alteration in original)). In other chapters, the Legislature has recognized that arbitration is a proceeding. For example, in the Florida Arbitration Code, set forth in chapter 682, the Legislature refers to arbitration as an “arbitration proceeding” in various provisions. In particular, section 682.03(4) provides as follows: “On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had.” § 682.03(4), Fla. Stat. (2005) (emphasis added); see also § 682.07, Fla. Stat. (2005) (stating that “[a] party has the right to be represented by an attorney at any arbitration proceeding or hearing under this law” (emphasis added)). Thus, the Legislature has explicitly recognized that the term “proceeding” is not confined to judicial proceedings and that arbitration is a type of proceeding. This is consistent with the common understanding of a “proceeding” within the context of legal actions.
In addition, examining the history of the legislation is a helpful tool in determining legislative intent. See, e.g., Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1266-67 (Fla.2008). Prior to 1974, the Legislature had not yet enacted section 95.011, which sets forth the applicability of chapter 95. At that time, the protections against shortening time periods under section 95.03 were limited to apply only to “suits,” a more narrow term that involves only court proceedings. See Black’s Law Dictionary 1572 (defining “suit” as “[a]ny proceeding by a party or parties against another in a court of law”). However, in 1974, the Legislature created section 95.011, which explicitly provided that the provisions of chapter 95 extend to any “civil action or proceeding.” At the same time, the Legislature amended section 95.03 to its current form, which voids any provision in a contract that attempts to shorten the statute of limitations. See ch. 74-382, Laws of Fla. Thus, the history of the statute indicates an intent to expand the term beyond just those actions occurring in a judicial proceeding.
As a final consideration in this case, we recognize that statutory construction envisions that courts will also review the purpose behind the enactment. See W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 9 (Fla.2012). Clearly, the purpose of the statute of limitations includes “protecting] defendants from unfair surprise and stale claims.” Fla. Dep’t of Health & Rehab. Servs. v. S.A.P., 835 So.2d 1091, 1096 (Fla.2002). As this Court has recognized:
As a statute of [limitations], they afford parties needed protection against the necessity of defending claims which, because of their antiquity, would place the defendant at a grave disadvantage. In such cases how resolutely unfair it would be to award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses. Indeed, in such *193 circumstances, the quest for truth might elude even the wisest court.
Major League Baseball v. Morsani, 790 So.2d 1071, 1075 (Fla.2001) (quoting Nardone v. Reynolds, 333 So.2d 25, 36 (Fla.1976) (alteration in original)).
These same concerns are present in an arbitration proceeding. Interpreting the phrase “civil action or proceeding” to apply only to judicial actions and to exclude arbitration is contrary to the very purpose of the statute of limitations to discourage stale claims. Moreover, this interpretation would mean that the statute of limitations does not apply to the exact situation where parties have contractually agreed to pursue arbitration in order to resolve disputes efficiently, quickly, and inexpensively. Interpreting the statute in this manner would permit parties to wait to bring an arbitration claim until documents or witnesses are difficult to locate — a situation that would significantly increase the time, effort, and expense to resolve a dispute.
The investors assert that affirming the district court decision below does not mean the claim can be raised at any time because in this case, the rules of arbitration to which the parties agreed to follow includes a six-year time bar for claims.[5] However, the issue before this Court is one of statutory construction as to chapter 95, and these arguments do not assist the Court in resolving this question. Moreover, arbitration proceedings are utilized in a wide variety of contexts — not just for arbitration governed by NASD (now superseded by the Financial Industry Regulatory Authority or FINRA).
CONCLUSION
Based on the reasoning set forth above, we conclude that the Legislature intended to subject arbitration proceedings to the statute of limitations. An arbitration proceeding is an “action” broadly defined in section 95.011 to encompass any “civil action or proceeding,” including arbitration proceedings. Accordingly, we answer the rephrased certified question in the affirmative and quash the decision under review.
It is so ordered.
POLSTON, C.J., and LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. The Second District certified the following question to be of great public importance:
DOES SECTION 95.011, FLORIDA STATUTES, APPLY TO ARBITRATION WHEN THE PARTIES HAVE NOT EXPRESSLY INCLUDED A PROVISION IN THEIR ARBITRATION AGREEMENT STATING THAT IT IS APPLICABLE?
Id. at 32. Because we do not decide the issue of whether the parties expressly included a provision in their arbitration agreement stating that Florida’s statute of limitations is applicable to arbitration proceedings, we have rephrased the certified question.

. The following organizations filed amicus briefs in support of Raymond James: Florida Realtors, Inc.; Florida Association of Realtors; Florida Securities Dealers Association, Inc., and Financial Services Institute; Securities Industry and Financial Markets Association; and Miami International Arbitration Society. The Public Investors Arbitration Bar Association filed a brief in support of the investors.

. The initial investors included Barbara and Walter Phillips, Jennifer Phillips, Dorrit Murray, and Margaret Camp, all of whom asserted that they were customers of the Raymond James branch office in Naples.

. Similarly, Merriam-Webster's Dictionary of Law defines “proceeding” as "a particular step or series of steps in the enforcement, adjudication, or administration of rights, remedies, laws, or regulations.” Merriam-Webster’s Dictionary of Law 387 (1996).

. In support, the investors rely on rule 10304(a) of NASD’s Code of Arbitration Proceeding (now superseded by FINRA Rule 10304), quoting it as follows:
10304. Time Limitation Upon Submission (a) No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. The panel will resolve any questions regarding the eligibility of a claim under this Rule.