BLACK, Judge.
In this second-tier certiorari proceeding, Marcia and Bruce Snell challenge the circuit court’s order which reversed the county court’s order denying attorney’s fees to Mott’s Contracting Services, Inc. (Mott’s Contracting). The circuit court departed from the essential requirements of the law *607 in concluding that Mott’s Contracting is entitled to attorney’s fees pursuant to the Construction Lien Law[1] and that the arbitrator had the authority to make such a fee entitlement determination. Therefore, we grant the petition for writ of certiorari and quash the circuit court’s order.
I. Background
Marcia and Bruce Snell entered into a contract with Mott’s Contracting to perform remodeling work in their home. The contract contained a provision that provided for arbitration to resolve all disputes but did not contain a provision for the payment of attorney’s fees. Following a dispute between the parties and a failed attempt to negotiate, Mott’s Contracting recorded a claim of lien on March 16, 2011. The Snells filed a complaint in county court on March 30, 2011, contesting, in part, the validity of the lien, and in response thereto, Mott’s Contracting moved to dismiss or stay the action. The Snells then filed a notice of contest of hen pursuant to section 713.22(2), Florida Statutes (2010), reducing the prescribed time for Mott’s Contracting to file suit to enforce the lien from one year to sixty days. It is undisputed that Mott’s Contracting never filed a lien enforcement action in the court.
Following a hearing, the county court granted Mott’s Contracting’s motion to stay the Snells’ action filed in county court and compelled arbitration pursuant to the contract’s arbitration provision. Our record as it pertains to the arbitration proceedings is very limited, as it was in both lower courts. The record does not contain the complaint or the counterclaim filed in arbitration. However, the record does contain an excerpt from a memorandum filed by Mott’s Contracting in which Mott’s Contracting specifically requested that the lien foreclosure issue and the attorney’s fees issue be submitted to the county court for resolution. Nonetheless, on November 22, 2011, the arbitrator entered a final arbitration award, determining, in pertinent part, that Mott’s Contracting had “performed all conditions precedent to foreclosing its’ [sic] claim of lien” and as such, Mott’s Contracting “is entitled to a reasonable attorney’s fee.” The award does not name a prevailing party.
Thereafter, Mott’s Contracting filed the arbitration award in the county court and moved for “the court [to] enter its order confirming the arbitration award and its final judgment determining entitlement to attorney’s fees and costs.” See §§ 682.12, .15, Fla. Stat. (2010). In response thereto, the Snells filed a motion seeking to vacate the award, alleging that the arbitrator exceeded her powers and that the arbitrator ruled upon matters not submitted to arbitration. See §§ 682.13(l)(c), .14(l)(b). Following a hearing on the Snells’ motion, the county court issued an order on January 18, 2012, confirming the arbitration award as to the amount awarded to Mott’s Contracting and the amount credited to the Snells. However, the county court further found that Mott’s Contracting was not entitled to attorney’s fees under section 713.29 because it failed to take any action to enforce the claim of lien under section 713.22 within the sixty days after the lien was contested.[2]
Mott’s Contracting appealed the county court order to the circuit court, asserting that the county court erred in determining *608 that the arbitrator lacked jurisdiction to determine the validity of the claim of lien and that Mott’s Contracting was not entitled to fees pursuant to section 713.29. On January 23, 2013, the circuit court reversed the decision of the county court, holding that Mott’s Contracting took the requisite action under section 713.29 because a complaint and counterclaim were timely filed in arbitration. The circuit court further held that it is within an arbitrator’s jurisdiction to “determine the prevailing party’s entitlement to attorney’s fees.” The Snells’ motions to vacate and for rehearing were denied by the circuit court.
II. Standard of Review
Our narrow standard of review in a second-tier certiorari proceeding is limited to two questions: “(1) whether the circuit court afforded the petitioner procedural due process, and (2) whether the circuit court ‘applied the correct law’ or ‘departed from the essential requirements of the law.’ ” Chmura v. Maxson, 46 So.3d 158, 159 (Fla. 2d DCA 2010) (quoting Bennett v. State, 23 So.3d 782, 786 (Fla. 2d DCA 2009)). In this case, we are only concerned with the latter question.[3] “A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000)). A “ ‘clearly established law’ can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.” Id. at 890. Though “a misapplication or an erroneous interpretation of the correct law does not rise to the level of a violation of a clearly established principle of law,” Dep’t of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011), applying the incorrect law certainly does, see Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995) (citing Manatee Cnty. v. Kuehnel, 542 So.2d 1356, 1358 (Fla. 2d DCA 1989)).
III. Discussion
The circuit court departed from the essential requirements of the law when it determined that Mott’s Contracting is entitled to attorney’s fees pursuant to section 713.29 and that the arbitrator had the authority to “determine the prevailing party’s entitlement to attorney’s fees.” Attorney’s fees may only be awarded when authorized by statute or contract. Reiterer v. Monteil, 98 So.3d 586, 587 (Fla. 2d DCA 2012) (quoting State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993) (“This Court has followed the ‘American Rule’ that attorney’s fees may be awarded by a court only when authorized by statute or by agreement of the parties.”)). Further, “ ‘[t]he proper place to determine the entitlement to and amount of attorney’s fees authorized by contract or statute is in the circuit court upon application for confirmation of the [arbitrator’s] award.’ ” Higley S., Inc. v. Quality Engineered Installation Inc., 632 So.2d 615, 619 (Fla. 2d DCA 1994) (quoting Fewox v. McMerit Constr. Co., 556 So.2d 419, 422 (Fla. 2d DCA 1989) (en banc)), decision quashed in part on other grounds 670 So.2d 929 (Fla. *609 1996).[4] There is no dispute that fees were not addressed by the parties’ contract. And though section 718.29 authorizes an award of attorney’s fees in the event that certain conditions are satisfied, Mott’s Contracting failed to meet all of the conditions precedent to entitlement under this statute.
Section 718.29, provides, in pertinent part, that “[i]n any action brought to enforce a lien ... under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney.” (Emphasis added.) An action to enforce a construction lien must be brought “in a court of competent jurisdiction” within one year of recording the claim of lien or it automatically extinguishes. See § 713.22(1) (emphasis added).[5] It seems rather obvious that the term “court” means just that, and as such, does not contemplate arbitration.[6] We will nonetheless proceed to interpret the Construction Lien Law in an abundance of caution.
“The primary rule of statutory construction is ‘to give effect to legislative intent, which is the polestar that guides the court in statutory construction.’ ” Raymond James Fin. Servs., Inc. v. Phillips, 126 So.3d 186, 190 (Fla.), revised on grant of clarification on (Nov. 7, 2013) (quoting Gomez v. Vill. of Pinecrest, 41 So.3d 180, 185 (Fla.2010)). The “legislative intent is determined first and foremost from the statute’s text.” Id. (citing Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007)). As indicated previously, section 713.22(1) requires that the action to enforce the lien be filed in a “court.” The definition section of the Construction Lien Law, section 713.01, does not define court. Importantly, however, section 713.29, which we must read in tandem with section 713.22, distinguishes arbitration and court.
To further aid in our consideration of the meaning of the term “court,” we next look to dictionary definitions. See Metro. Cas. Ins. Co. v. Tepper, 2 So.3d 209, 214 (Fla.2009) (explaining that courts may refer to a dictionary to determine the plain and ordinary meaning of a term as intended by the legislature); Barco v. Sch. Bd. of Pinellas Cnty., 975 So.2d 1116, 1122 (Fla.2008) (“It is appropriate to refer to dictio *610 nary definitions when construing statutes or rules.”). In Raymond James, the supreme court analyzed whether “an arbitration proceeding is within the statutory term ‘civil action or proceeding' found in section 95.011[, Florida Statutes].” 126 So.3d at 188. Upon review of Black’s Law Dictionary, the supreme court determined that arbitration falls within the latter part of the definition of “tribunal,” which is defined as “ ‘[a] court or other adjudicatory body.’ ” Id. at 191 (quoting Black’s Law Dictionary 1646 (9th ed. 2009)). The supreme court further noted that a “ ‘suit’ ” defined by Black’s Law Dictionary as “ ‘[a]ny proceeding by a party or parties against another in a court of lav^ ” does not include arbitration proceedings. Id. at 192 (quoting Black’s Law Dictionary 1572). It is clear from the supreme court’s analysis of these definitions that the term “court” does not include arbitration or arbitration proceedings. Further, it is an “ ‘elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute.’ ” Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc., 3 So.3d 1220, 1233 (Fla.2009) (quoting Gulfstream Park Racing Ass’n v. Tampa Bay Downs, Inc., 948 So.2d 599, 606 (Fla.2006)). Thus, if the legislature had intended section 713.22(1) to include arbitration, it could have easily used the term “tribunal” instead of “court.”
We finally turn to the Florida Arbitration Code,[7] as we must “ ‘give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.’ ” See Raymond James, 126 So.3d at 192 (quoting Heart of Adoptions, 963 So.2d at 199). Section 682.18(1) provides the following definition of “court”:
[A]ny court of competent jurisdiction of this state. The making of an agreement or provision for arbitration subject to this law and providing for arbitration in this state shall, whether made within or outside this state, confer jurisdiction on the court to enforce the agreement or provision under this law, to enter judgment on an award duly rendered in an arbitration thereunder and to vacate, modify or correct an award rendered thereunder for such cause and in the manner provided in this law.
It is clear that the term “court” does not refer to arbitration or an arbitration organization as the legislature has explicitly recognized “court” as a term separate and apart from “arbitration.” Further, in various sections of the Florida Arbitration Code, the legislature explicitly distinguished actions to be taken in arbitration proceedings and by an arbitrator from those to be taken in and by the court. See, e.g., §§ 682.03, .04, .06, .08-.10, .12-.14. We also note that the current definition section of the Code provides definitions of arbitration organization, arbitrator, and court; the definition of court does not include the former two terms. See § 682.011, Fla. Stat. (2013).
The Construction Lien Law “is a creature of statute and must be strictly construed.” Stunkel v. Gazebo Landscaping Design, Inc., 660 So.2d 623, 625 (Fla.1995); accord Home Electric of Dade Cnty., Inc. v. Gonas, 547 So.2d 109, 110 (Fla.1989). It is undisputed that Mott’s Contracting failed to file an action to enforce the claim of lien in the court. As such, Mott’s Contracting failed to satisfy the requirements of section 713.22 and is therefore not entitled to attorney’s fees under section 713.29. Thus we agree with the county court’s finding that, despite the arbitrator’s determination, “Mott’s [Contracting] did not take any action to enforce *611 any claim of lien under F.S. 713.22(2) within the 60 days after the lien was contested.” As such, certiorari relief is appropriate. See, e.g., Dade Cnty. v. Grossman, 354 So.2d 131, 132 (Fla. 3d DCA 1978) (granting certiorari relief where the circuit court granted attorney’s fees absent authorization by contract or statute).
IV. Conclusion
The arbitrator lacked authority to determine entitlement to fees, and the award of fees pursuant to section 713.29 was not authorized because Mott’s Contracting failed to satisfy the requirements of the statute. Further, since the lien became unenforceable pursuant to section 713.22 prior to the issuance of the award due to Mott’s Contracting’s failure to file an enforcement action in court, the arbitrator could not have determined its validity or entitlement to fees pursuant thereto. Because the circuit court’s conclusion to the contrary contravenes clearly established law, we grant the petition for writ of cer-tiorari and quash the circuit court’s order.
Petition granted; order quashed.
CASANUEVA and CRENSHAW, JJ., Concur.

. §§ 713.001-.37, Fla. Stat. (2010).

. The county court’s decision was based on the undisputed fact that Mott's Contracting failed to commence an action in court to foreclose the lien; the county court also questioned the arbitrator's authority to determine entitlement to fees. The county court did not address the disputed issue of whether Mott’s Contracting's counterclaim was timely filed.

. The Snells raised a due process issue relating specifically to Mott's Contracting’s failure to provide the circuit court with a transcript of the county court proceeding. Since the circuit court permitted the Snells to file the transcript before reaching a decision on their motion for rehearing, and since our decision hinges on the latter question addressed in a second-tier certiorari proceeding, this issue is moot.

. The parties may expressly waive the statutory right to have the court determine entitlement to fees expressed in section 682.11. Tumberry Assocs. v. Serv. Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995) ("The arbitrator has no authority to award fees absent an express waiver of this statutory right.”); A-1 Duran Roofing, Inc. v. Select Contracting, Inc., 865 So.2d 601, 604 (Fla. 4th DCA 2004) ("Neither entitlement to attorney’s fees, nor amount, are issues that the arbitrator may decide without the agreement of the parties.”). However, there was no finding of express waiver and the circuit court’s decision is not based on such.

. The Snells shortened this prescribed period to sixty days pursuant to section 713.22(2).

. See Barco v. Sch. Bd. of Pinellas Cnty., 975 So.2d 1116, 1121-22 (Fla.2008) ("‘[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’ ” (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984))); see, e.g., Brookshire v. GP Constr. of Palm Beach, Inc., 993 So.2d 179, 180 (Fla. 4th DCA 2008) (holding that the lienor’s motion to arbitrate filed in response to a complaint to discharge the lien did not meet the requirement of section 713.21(4) that an action to enforce the lien be commenced within twenty days); GCA, Inc. v. 90 S.W. 8th St. Enters., Inc., 696 So.2d 1230, 1233 (Fla. 3d DCA 1997) (acquiescing with the appellant’s explanation that "in order to perfect a construction lien, a lien claimant must commence its action in state court within one year of recording its claim of lien” despite the fact that the contract claim was properly submitted to arbitration pursuant to the contract terms).

. §§ 682.01-22, Fla. Stat. (2010).