BILBREY, J. Sixty-seven Petitioners sought administrative hearings ■ pursuant to section 120.57(1), Florida Statutes (2016), after the Agency for Health Care Administration (AHCA) announced its-rates ;of reimbursement of Medicaid funds for services provided by hospitals for outpatient services for the 2016-2017 fiscal year. ACHA initially sought to dismiss the petitions as premature. Thereafter, AHCA argued the petitions were moot, for reasons which will be more fully set forth below. Eventually, the petitions were dismissed by identical orders. This consolidated appeal follows. We reverse and remand. As this is an appeal of an order of dismissal, we must accept as true the allegations made in the petitions filed below. See Herbits v. Bd. of Trs. of Internal Improvement Trust Fund, 195 So.3d 1149, 1153 (Fla. 1st DCA 2016). The Amended Petition for Sarasota County Hospital Dis--trict, the lead Appellant in this consolidated appeal, alleged in pertinent part: 7. For Fiscal Year 2016-17, the Legislature passed zero outpatient rate reductions and appropriated sufficient funds to reimburse Sarasota Memorial at a rate that is substantially higher than [AHCA’s] posted reimbursement rates. The level of funding made available by the Legislature meant that AHCA was not required' to make any outpatient reimbursement rate reductions beyond certain standing rate cuts. However, on its own initiative, AHCA elected to implement drastic rate reductions for Fiscal Year. 2016-17 far beyond those authorized by the Legislature, resulting in a significant reduction of funding to Sarasota Memorial for Medicaid outpatient services. 8. [In the] rate letter applicable to Sarasota Memorial ,,. though the Fiscal Year 2016-17 rates were not posted by AHCA until July 11, 2016 and then again revised and republished on August 10, 2016, AHCA has indicated that they took effect for all Medicaid outpatient ■hospital service providers on July 1, 2016. The hospital reimbursement rates released by AHCA reflect a significantly higher rate cut from previous years. 10. By way of background, as part of a recent overhaul of the state’s Medicaid program, the Legislature mandated that AHCA'implement a new statewide program to enroll the majority of Florida’s Medicaid beneficiaries in Medicaid managed care plans. See § 409.971, Fla. Stat. Implementation of this Medicaid managed care program resulted in a dramatic shift of Florida’s Medicaid beneficiaries—as-well’ as -state funding— from [fee for sex-vices programs or “FFS”] to managed care. Consequently, there has been a substantial reduction in the number of Medicaid FFS claims. Sarasota County further alleged that as a Medicaid provider of outpatient services, it will be paid using the challenged rates and that these rates are severely reduced from those of previous years; thus, its substantial interests are affected, it hai3 alleged. The rates “took effect for all Medicaid outpatient hospital sex-vice providers on July 1, 2016,” it also alleged. The arguments made by the other Petitioners in their respective petitions are substantially the same as those made by Sarasota County Hospital District. AHCA moved to dismiss the petitions on the ground that the rates of reimbursement were not “final agency action,” and thus, the requested administrative proceeding was premature. ACHA' asserted that only after it had audited the requested reimbursements, which woüld be filed in the future, would final agency action have occurred. As authority for this argument,. AHCA cited section 409.908(l)(f)l., Florida Statutes (2016), AHCA argued below and continues to argue here that this statute, gives a meaningful point of entry upon the release of audited rates and to allow an earlier point of entry would render the statute meaningless. The Petitioners opposed dismissal by AHCA arguing that section 409.908(l)(f)l. did not preclude a challenge on the rates prior to auditing. The Petitioners claimed AHCA’s position could result in a denial of a meaningful point of entry to challenge the rates established. Petitioners maintain that argument here. AHCA filed a Suggestion of Mootness on Nov. 3, 2016, arguing that per section 409.905(6)(b)l., Florida Statutes (2016), the pending petitions were moot. This statute provides that “[ajdjustments may not be made [to unaudited reimbursement] rates after October 31 of the state fiscal year in which the rates take effect....” In its Suggestion of Mootness, AHCA added, without citing specific authority, that “this is the last year that [it] will issue preliminary rates, AHCA [thus] has lost authority under the statute to make further adjustments going forward.” By Final Order dated Nov. 4, 2016, ACHA dismissed' the amended petitions with prejudice. AHCA held in pertinent part: [S]ection 409.908(l)(f)l, Florida Statutes, gives a provider a point of entry “to correct or adjust the calculation of the audited hospital cost-based per diem reimbursement rate for' inpatient and outpatient care.”'(Emphasis added). Section 409.908(1), Florida Statutes, does not allow a provider like Petitioners] to challenge unaudited rates. This is because unaudited rates are preliminary in nature," and subject to change once the Agency has audited Petitioners’] cost report. * # * Furthermore, even assuming arguen-do Petitioners are entitled to challenge 'the unaudited rates as a substantially affected party under chapter 120,' Florida Statutes, the Agency lacks the jurisdiction and authority to grant Petitioners the relief, they seek, i.e. the adjustment of their rates. Section 409.905(6)(b)l., Florida Statutes, prohibits the , Agency .from making any adjustments to Petitioners’ rates “after October 31 of the state fiscal year in which- the rates- take effect....” For the- rates .at issue, this, date has already passed. Accordingly, the Agency must dismiss the Amended Petition because .Petitioners are not entitled to an administrative hearing to dispute the unaudited rates and,' even if they were, the Agency lacks the jurisdiction .and authority to grant Petitioners the relief they seek. (Footnotes omitted; emphasis in original), As indicated, following the dismissal of a petition for an administrative hearing, a reviewing court must accept the allegations of the petition as true. See Her-bits. Moreover, questions -of statutory interpretation are reviewed by the appellate court de novo. See Raymond James Fin. Servs., Inc. v. Phillips, 126 So.3d 186 (Fla. 2013); Maggio v. Fla. Dep’t of Labor & Emp’t Sec., 899 So.2d 1074 (Fla. 2005). As this court explained almost 30 years ago, a party has standing to initiate a formal administrative hearing pursuant to section 120.57 when it has a “substantial interest that is directly affected by proposed agency action....” Florida Soc'y of Ophthalmology v. State Bd. of Optometry, 532 So.2d 1279, 1284 (Fla. 1st DCA 1988). But, as this court later made clear, “[t]o be entitled to a section 120.57 hearing, there must be final agency action affecting the petitioner’s substantial interests, coupled with a disputed issue of material fact.” Friends of the Hatchineha, Inc. v. State, Dep’t of Envtl. Reg., 580 So.2d 267, 269 (Fla. 1st DCA 1991) (quoting General Dev. Utils., Inc. v. Florida Dep’t of Envtl. Reg., 417 So.2d 1068, 1070 (Fla. 1st DCA 1982)). As noted, AHCA has claimed that final agency action has not occurred simply by the posting of the unaudited rates. It does not argue that the substantial interests of the various petitioners have not been affected. Nor has the agency claimed that there are no disputed issues of material fact, a prerequisite for a hearing under section 120.57(1).[1] Section 409.908(l)(f)l., the statute on which AHCA principally relies, provides: Pursuant to chapter 120, the agency shall furnish to providers written notice of the audited hospital cost-based per diem reimbursement rate for inpatient and outpatient care established by the agency. The written notice constitutes final agency action. A substantially affected provider seeking to correct or adjust the calculation of the audited hospital cost-based per diem reimbursement rate for inpatient and outpatient care, other than a challenge to the methodologies set forth in the rules of the agency, and in reimbursement plans incorporated by reference therein used to calculate the reimbursement rate for inpatient and outpatient care, may request an administrative hearing to challenge the final agency action by filing a petition with the agency within 180 days after receipt of the written notice by the provider.... (Emphasis added). Given the passages emphasized above, the statute does not pertain to—and hence exempts from the declaration of what final agency action is—the “methodologies” used in determining the reimbursement amount. In other words, section 409.908(l)(f)l authorizes formal administrative challenges “to correct or adjust” any “calculation^” made in audited reimbursement requests. By its plain terms then, the statute -does not authorize formal administrative challenges to the “methodologies ... used to calculate the reimbursement rate.” It was the methodology employed by AHCA (which treated the “Medicaid Trend Adjustment” or MTA differently than in years past) which resulted in the challenged reimbursement rates for FY 2016-2017. At the same time, the -statute does not preclude, either explicitly or implicitly, formal administrative challenge to the Medicaid reimbursement rates set by AHCA prior to agency auditing. The statute simply does not speak to pre-audit period. AHCA has argued that section 409.905(6)(b)l, provides that AHCA cannot change its reimbursement rate after October 31 of the fiscal year in which the rates take effect. It was on the basis of this statute that AHCA argued below that the petitions were moot after Oct. 31, 2016, even though the petitions were filed several months before that date and were still pending as of that date through no fault of the Petitioners. This statute was cited in the Final Order as an alternative basis for denying the hearings sought by Petitioners. In part, the Final Order states: Even assuming arguendo Petitioners are entitled to challenge the unaudited rates as a substantially affected party under chapter 120, Florida Statutes, the Agency lacks the jurisdiction and authority to grant Petitioners the relief they seek, i.e., the adjustment of their rates. Section 409.905(6)(b)l., Florida Statutes, prohibits the Agency from making any adjustments to Petitioners’ rates ‘after October 31 of the state fiscal year in which the rates take effect ... [.] For the rates at issue, this date has already passed. Accordingly, the Agency must determine the Amended Petition because the Petitioners are not entitled to an administrative hearing to dispute the unaudited rates and, even if they were, the Agency lacks the jurisdiction and authority to grant Petitioners the relief they seek. An audit is unlikely to have been completed before October 31st of the fiscal year which commences July 1st. Therefore, any rate challenge made before October 31st, is necessarily a challenge of unaudited rates. Thus, in the Final Order, AHCA appears to take two incompatible positions with regard to the 2016 legislative scheme: (i) rates can only be challenged after an audit, and (ii) rate challenges can only occur before October 31st. Obviously, such contrary arguments are untenable, and result from a misreading of the statute. Section 409.905(6)(b)l. provides in pertinent part: (6) HOSPITAL OUTPATIENT SERVICES.— (b) The agency shall implement a methodology for establishing base reimbursement rates for outpatient services for each hospital based on allowable costs, as defined by the agency. Rates shall be calculated annually and take effect July 1 of each year based on the most recent complete and accurate cost report submitted by each hospital. 1. Adjustments may not be made to the rates after October 31 of the state fiscal year in which the rates take effect, except for cases of insufficient collections of intergovernmental transfers authorized under s. 409.908(1) or the General Appropriations Act. In such cases, the agency shall submit a budget amendment or amendments under chapter 216 requesting approval of rate reductions by amounts necessary for the aggregate reduction to equal the dollar amount of intergovernmental transfers not collected and the corresponding federal match. Notwithstanding the $1 million limitation on increases to an approved operating budget under ss. 216.181(11) and 216.292(3), a budget amendment exceeding that dollar amount is subject to notice and objection procedures set forth in s. 216.177. 2. Errors in source data or calculations discovered after October 31 must be reconciled in a subsequent rate period. (Emphasis added). A plain reading of subsections 1 and 2 means that the correction of an error is to be made in the next fiscal year when that error is discovered after October 31st; it does not mean—nor could it fairly so provide—that no correction is ever to be made if an error is discovered after Oct. 31st. Where possible, a court must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 199 (Fla. 2007); Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So.2d 891, 898 (Fla. 2002). Also, a court must consider the purpose behind a statute. Raymond James, 126 So.3d at 192 (citing W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 9 (Fla. 2012)). Further, it is true that an agency’s interpretation of a statute it is charged with “enforcing is entitled to great deference.” Verizon Florida, Inc. v. Jacobs, 810 So.2d 906, 908 (Fla. 2002) (citing BellSouth Telecommunications, Inc. v. Johnson, 708 So.2d 594, 596 (Fla. 1998)). But, it is also true that a reviewing court will not depart from “the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is ‘dearly erroneous.’” Id. (quoting PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla. 1988)). AHCA’s interpretation of section 409.905(6)(b)l. is clearly erroneous.[2] In sum, the substantial interest of a party entitled to a Medicaid reimbursement is affected at the time an unsatisfactory rate is announced as that rate takes effect immediately and reimbursements which are made prior to auditing are based on that rate. The Petitioners have alleged, and we must accept as fact per Herbits, that the methodologies used to set the reimbursement rates are not subject to change during the auditing process, and thus the rate becomes “final” at the time it is announced. Therefore, with regard to the amount - of the reimbursement rates, the- agency’s action has become final. Accordingly, we reverse the orders of dismissal and remand for the grant of formal hearings pursuant to section 120.57(1), Florida Statutes. REVERSED and REMANDED. ROBERTS and M.K. THOMAS, JJ., CONCUR. . “As a general principle of administrative law, a person is entitled to a section 120.57 hearing when an agency takes a final action affecting that person’s interests and there is a disputed issue of material fact related to that action.” Save Our Creeks v. State of Fla. Fish and Wildlife Conservation Comm’n, 112 So.3d 128, 130 (Fla. 1st DCA 2013) (citing Friends of the Hatchineha, Inc. v. Dep’t of Envtl. Reg., 580 So.2d 267, 269 (Fla. 1st DCA 1991)). . The 2016 version of the statute has been amended. See Ch. .16-65, Laws of Fla.